1  EILEEN M. DECKER
   United States Attorney
2  LAWRENCE S. MIDDLETON
   Assistant United States Attorney
3  Chief, Criminal Division
   BRANDON D. FOX (Cal. Bar No. 290409)
4  Chief, Public Corruption & Civil Rights Section
   LIZABETH A. RHODES (Cal. Bar No. 155299)
5  Chief, General Crimes Section
   EDDIE A. JAUREGUI (Cal. Bar No. 297986)
6  General Crimes Section
   Assistant United States Attorneys
7       1500/1200 United States Courthouse
        312 North Spring Street
8       Los Angeles, California 90012
        Telephone: (213) 894-0284/3541/4849
9       Facsimile: (213) 894-7631
        E-mail:    Brandon.Fox@usdoj.gov
10                 Lizabeth.Rhodes@usdoj.gov
                   Eddie.Jauregui@usdoj.gov
11
   Attorneys for Plaintiff
12 UNITED STATES OF AMERICA

13                 UNITED STATES DISTRICT COURT

14            FOR THE CENTRAL DISTRICT OF CALIFORNIA

15 UNITED STATES OF AMERICA,          No. CR 16-66(A)-PA

16          Plaintiff,                GOVERNMENT'S RESPONSE TO
                                      DEFENDANT'S MOTION TO RECUSE
17              v.                    BRANDON FOX FROM SERVING AS A
                                      PROSECUTOR AND A WITNESS AT TRIAL
18 LEROY BACA,
                                      Hearing Date: October 31, 2016
19          Defendant.                Hearing Time: 3:00 p.m.
                                      Location:     Courtroom of the
20                                                  Hon. Percy Anderson

21

22      Defendant seeks to have Assistant United States Attorney Brandon

23 D. Fox recused from the case because, he claims, defendant needs his

24 testimony.  Defendant fails to describe <u>any</u> admissible evidence that

25 AUSA Fox alone could provide.  Defendant's motion is nothing more

26 than an attempt to have the government's lead attorney removed from

27 the trial because defendant thinks he has a better chance to succeed

28 without AUSA Fox prosecuting him.  For these, and other reasons

1  explained in the government's attached brief, the Court should deny

2  defendant's motion.

3    Dated: October 10, 2016          Respectfully submitted,

4                                     EILEEN M. DECKER
                                      United States Attorney
5
                                      LAWRENCE S. MIDDLETON
6                                     Assistant United States Attorney
                                      Chief, Criminal Division
7

8                                     */s/ Brandon D. Fox*
                                      BRANDON F. FOX
9                                     LIZABETH A. RHODES
                                      EDDIE A. JAUREGUI
10                                    Assistant United States Attorneys

11                                    Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1             <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2 **I.   INTRODUCTION**

3       Defendant Leroy Baca seeks recusal of the lead prosecutor in

4 this case by making the dubious claim that the prosecutor, Assistant

5 United States Attorney ("AUSA") Brandon D. Fox, is a necessary

6 witness for the defense and therefore must be recused under the

7 advocate-witness rule.  Defendant's motion is frivolous.  Defendant

8 has shown no need, let alone the required "compelling need" for AUSA

9 Fox's testimony.  It is obvious that he does not intend to call AUSA

10 Fox as a witness.  Instead, defendant's filing is a thinly-veiled

11 attempt to remove from his case an experienced trial attorney who has

12 led the successful prosecutions of defendant's co-conspirators.

13 Defendant's motion must be denied.

14 **II.   STATEMENT OF FACTS**

15       In the summer of 2011, a federal grand jury was conducting an

16 investigation into corruption and inmate abuse in the Los Angeles

17 County jails.  In related cases, the government alleged and proved

18 that members of the Los Angeles County Sheriff's Department ("LASD")

19 conspired to obstruct the investigation, including officials at the

20 highest levels of the department.

21       In 2013, as the government was investigating LASD's obstruction,

22 prosecutors arranged for an interview with defendant, who was then

23 the Sheriff.  Participating in that interview were three AUSAs

24 (Brandon Fox, Lizabeth Rhodes, and Margaret Carter), two FBI agents

25 (Jason Dalton and David Dahle), two defense attorneys, Brian Hershman

26 and Beong Kim of the Jones Day firm, and defendant himself.  (Def.'s

27 Ex. 6 at 2.)  The interview was conducted at Jones Day and was audio

28 recorded.  (<u>Id.</u> at 3.)  The recording and transcript reflect a

1   discussion of the non-target letter provided to defendant, the

2   agreement regarding the subject matter of the interview, and the time

3   that was allotted for the interview.  (Id. at 3, 6, 7.)

4   **III. ARGUMENT**

5      Although defendant correctly recites the legal standards for

6   compelling a prosecutor to testify, he fails to meet those standards.

7   To compel a prosecutor's testimony, defendant must demonstrate a

8   "compelling need" for the testimony, United States v. Tamura, 694

9   F.2d 591, 601 (9th Cir. 1982), and show that the testimony would be

10   material to his defense, United States v. Prantil, 764 F.2d 548, 552

11   (9th Cir. 1985).  The case law in this Circuit is clear that

12   defendant has an "obligation to exhaust other available sources of

13   evidence" before a court will sustain his efforts to call a

14   participating prosecutor as a witness.  Prantil, 764 F.2d at 551.

15   Here, defendant fails on multiple fronts.  Not only does he fail to

16   show a "compelling need" for AUSA Fox's testimony, or establish that

17   it would be material to his defense, he has also fails to show that

18   he has made any effort to obtain this same evidence from other

19   available sources, of which there are many.

20      **A.   Defendant Has Not Shown a Compelling Need for AUSA Fox's
           Testimony or Established How It Would Be Material**

21

22      Defendant claims AUSA Fox is a necessary witness for three main

23   reasons.  First, defendant contends AUSA Fox is the only person

24   capable of providing testimony regarding the "procedures controlling"

25   defendant's April 12, 2013 interview and the "decisions prior to

26   [the] interview."  (Def.'s Br. at 12.)  Second, defendant claims that

27   only AUSA Fox can testify to his own conduct during the course of the

28   interview, including his purported "decision" not to video record,

1  and instead only audio record, the interview.  And third, defendant

2  argues that, as the lead questioner during the interview, AUSA Fox

3  was in the "best position" to assess defendant's demeanor and

4  "physical manifestations" at that time.  (Def.'s Br. at 15.)  All of

5  these claims are flawed.

6        While the courts have counseled that the integrity of the

7  judicial system depends on "full disclosure of all the facts," those

8  facts must still "fall within the framework of the rules of

9  evidence."  Prantil, 764 F.2d at 552.  Defendant has not shown why

10  any testimony by AUSA Fox would be relevant, material, or admissible.

11  First, defendant has failed to show how or why the "ground rules" for

12  his 2013 interview are relevant, much less material, to his defense.

13  Nowhere in his brief does he provide a defense theory for which it

14  would be necessary to elicit AUSA's Fox's testimony on the time,

15  place, or length of the interview, the topics to be covered, the

16  decision to provide defendant with a non-target letter, or the

17  "decision not to provide [defendant] with an offer of full

18  immunity . . . ."  (Def.'s Br. at 12.)[1]  Indeed, nearly all of these

19  items -- the time, place, and length of the interview; the topics to

20  be covered; and the non-target letter -- are discussed in the

21  recording.  Defendant does not explain why the government's thought-

22

23        [1] Defendant also raises the issue of the government's purported
   failure to warn defendant of a potential conflict of interest by
24  Jones Day.  (Def.'s Br. at 14.)  This, too, is irrelevant and
   immaterial to the false statement count, not to mention confusing and
25  a waste of time.  Nevertheless, defendant has the ability to ask
   either former AUSA Margaret Carter or Jones Day about the discussion
26  the government had with Jones Day about potential conflicts regarding
   its representation of Los Angeles County, the Los Angeles County
27  Sheriff's Department, and individuals.  Defendant and Jones Day are
   aware of and can testify about (if relevant and admissible) any
28  signed conflict of interest waivers.

1  process on these issues is relevant (indeed, it is neither relevant

2  nor admissible).  Similarly, defendant does not explain any relevance

3  to the fact that AUSA Fox "ask[ed] the majority of questions."  Nor

4  does he explain how AUSA Fox's choices regarding his admonitions to

5  defendant operate as a defense to a false statement count.[2]  Defense

6  counsel himself is an experienced federal practitioner who knows the

7  Federal Rules of Evidence.  The lack of relevance and admissibility

8  of any of these topics shows that defendant has no intention to call

9  AUSA Fox as a witness and simply seeks a way to remove AUSA Fox from

10  the case.

11      Second, a number of defendant's claims regarding AUSA Fox's

12  knowledge and expected testimony are without support in the record.

13  For instance, defendant suggests that AUSA Fox alone (not the other

14  prosecutors, nor the defense) established the terms and conditions

15  under which the interview would be conducted, including: (i) that

16  defendant would receive a non-target letter; (ii) that defendant

17  would not receive a proffer or immunity letter; (iii) that the

18  interview would be in lieu of grand jury testimony; (iv) that the

19  interview would be unsworn and not subject to the penalty of perjury;

20  and (v) that the interview would be audio recorded but not

21  videotaped.  (Def.'s Br. at 3.)  Each of these claims is made without

22  any evidentiary basis whatsoever.[3]  These are not facts, they are

23  ———————————————

24      [2] To the extent defendant, the former Sheriff of Los Angeles
    County, who joined the Department in 1965, worked joint task forces
    with the federal government, and preached about "core values," wants
25  to argue that he did not know it was a crime to lie to the FBI, the
    government invites him to do so.
26
       [3] Defendant's Exhibit 3 and 4 are e-mail communications between
27  Jones Day and the prosecutors working on this investigation in 2013.
    The exhibits do not establish that AUSA Fox was "ultimately
28  responsible for putting in place the procedures controlling the

1   guesses, and defendant cannot remove the lead prosecutor from his

2   case by claiming he needs to hale the prosecutor onto witness stand

3   on the basis of guesses alone.  Tamura, 694 F.2d at 601.

4        Third, the idea that AUSA Fox would be in the "best position" to

5   testify as to defendant's demeanor during the interview because he

6   was the "primary questioner" is preposterous.  The interview was

7   conducted in a room at the offices of defendant's counsel.  (Def.'s

8   Ex. 6 at 3.)  Also seated in the room were defendant's lawyers,

9   Special Agent Dalton, Special Agent Dahle, AUSA Lizabeth Rhodes, and

10  former AUSA Margaret Carter.  (Id. at 2.)  There are several people

11  besides AUSA Fox who are able to testify to defendant's demeanor,

12  hand gestures, etcetera, including trained FBI agents.[4]  AUSA Fox was

13  not imbued with special powers of perception simply because he asked

14  the greatest number of questions during the interview.  Indeed, those

15  not asking the majority of the questions may have been in a better

16  position to perceive defendant's affect and body language because

17  they did not have to worry about what to ask next.  Defendant's true

18  motive for his motion is apparent by his attempt to ignore everyone

19  else in the room as possible witnesses.

20

21

22  interview."  (Def.'s Br. at 12.)  To the contrary, they show that the
    three prosecutors worked together in establishing the "ground rules."
23  In one email dated April 3, 2013, AUSA Fox writes to Messrs. Hershman
    and Kim, stating, "When you get back, Liz, Maggie, and I would like
24  to meet with you before Friday of next week to discuss some ground
    rules for the interview.  Please let us know when you are available."
25  (Ex. 3, pg. 11.)  In a separate e-mail, Mr. Kim writes to ask if he
    can call the prosecutors at a specific time and AUSA Fox responds,
26  "Great. Please try Liz's office."  (Id., pg. 10.)

        [4] Defendant also alleges, without any evidentiary support, that
27  AUSA Fox was "staring directly at Mr. Baca as the primary questioner"
    and, thus, "is in the best position to testify (better than any other
28  prosecutor or FBI agent) . . . ."  (Def.'s Br. at 15.)  This is pure
    conjecture.

1      As it stands, defendant has failed to show any need, and

2 certainly no "compelling need," for AUSA Fox's testimony at trial.

3 Unlike the prosecutor in Prantil, AUSA Fox was not a direct

4 "participant in the factual events at issue." 764 F.2d at 552, 554.

5 And although he may have witnessed defendant's lies in person, he did

6 so along with six other people. Defendant, it seems, is seeking to

7 "bend the advocate-witness rule" because he does not want AUSA Fox to

8 prosecute him; he is not doing so to "protect the integrity of the

9 fact finding process." Id. at 554. While defendant has the right to

10 choose his own counsel, he has no right to choose his prosecutor.[5]

11      **B.**     **Defendant Has Failed to Exhaust All Other Available Sources of Evidence**

12

13      Defendant's motion should also be denied because he has failed

14 to exhaust all other available sources of evidence. As noted above,

15 most of the reasons provided by defendant for calling AUSA Fox as a

16 witness are irrelevant or immaterial. But even where the reasons

17 provided for calling AUSA Fox arguably are relevant (i.e., to discuss

18 defendant's demeanor, movements, etc.), defendant could obtain that

19 same evidence through at least five other witnesses, excluding AUSA

20 Rhodes, who is also prosecuting this case. Defendant has provided no

21 evidence that he has made any effort to obtain this testimony

22

23      [5] In an article published the same day that defendant filed his motions, defendant's counsel is quoted as saying that defendant

24 "seeks a fair trial, with a fair judge, a fair prosecutor and a fair jury." See America Hernandez, Lee Baca's attorney seeks new venue,

25 judge, prosecutor, Los Angeles Daily Journal, September 29, 2016. Counsel's comment suggests that the basis for seeking recusal of AUSA

26 Fox is not that AUSA Fox's testimony is necessary to his defense. Even his claim to the media that AUSA Fox is not "fair" is baseless.

27 Defendant raises no issue in this or any other filing as to AUSA Fox's fairness, which again supports the conclusion that he simply

28 believes he has a better chance if AUSA Fox is not a member of the government's trial team.

1  elsewhere.  Accordingly, his motion should be denied.  <u>United States</u>

2  <u>v. West</u>, 680 F.2d 652, 654 (9th Cir. 1982) ("[A] United States

3  Attorney who participates in prosecuting a case should not be called

4  as a witness 'unless all other sources of possible testimony have

5  been exhausted.'").

6  **IV.   CONCLUSION**

7      Defendant has failed to show any reason, let alone a compelling

8  need, to call AUSA Brandon Fox as a witness in his case.  Nor has he

9  shown that the testimony he seeks could not be obtained elsewhere.

10 Defense counsel's comments in the press, and the brief itself,

11 suggest that defendant is seeking to "bend the advocate-witness rule"

12 for an improper purpose.  His motion should be denied.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28