| | |
|---|---|
| Benjamin L. Coleman, Cal. Bar No. 187609 | |
| NAME | |
| 1350 Columbia St. Ste. 600, San Diego, CA 92101 | |
| PRISON IDENTIFICATION/BOOKING NO. | |
| (619) 794-0420; blc@colemanbalogh.com | |
| ADDRESS OR PLACE OF CONFINEMENT | |

Note: If represented by an attorney, provide name, address, & telephone number. *It is your responsibility to notify the Clerk of Court in writing of any change of address.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>                          v.<br><br>LEROY BACA,<br>FULL NAME OF MOVANT<br>(Include name under which you were convicted)<br><br>                                    Petitioner. | CASE NUMBER:<br><br>CV _____<br>To be supplied by the Clerk of the United States District Court<br><br>CR  16-00066-PA<br>Criminal case under which sentence was imposed.<br><br>**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**<br>**28 U.S.C § 2255** |

## INSTRUCTIONS - READ CAREFULLY

This motion must be legibly handwritten or typewritten and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form. Where more room is needed to answer any questions use reverse side of sheet.

Additional pages are not permitted. No citation or authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

Upon receipt, your motion will be filed if it is in proper order. **NO FEE** is required with this motion

If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute the declaration on the last page, setting forth information establishing your inability to pay costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in a different district, you must file separate motions as to each judgment.

Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

When the motion is fully completed, the original and three (3) copies must be mailed to the Clerk of the United States District Court, whose address is 255 East Temple Street, Suite TS-134, Los Angeles, California 90012.

**MOTION**

1. Name and location of court that entered judgment of conviction under attack: United States District Court, Central District of California, Los Angeles, California

2. Date of judgment of conviction: May 16, 2017
3. Length of sentence: 36 months    Sentencing judge: Percy Anderson
4. Nature of offense or offenses for which you were convicted: Conspiracy to obstruct justice and obstruction of justice, 18 U.S.C. 371, 1503, and false statements, 18 U.S.C. 1001.

5. What was your plea? *(check one)*

    ☒ Not guilty
    ☐ Guilty
    ☐ Nolo Contendere

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. Kind of trial: *(check one)*

    ☒ Jury
    ☐ Judge only

7. Did you testify at the trial?

    ☐ Yes     ☒ No

8. Did you appeal from the judgment of conviction?

    ☒ Yes     ☐ No

9. If you did appeal, answer the following:

    (a) Name of court __U.S. Court of Appeals for the Ninth Circuit, U.S. Supreme Court__

    (b) Result __Affirmed; cert. denied__

    (c) Date of result __Feb. 11, 2019, Jan. 13, 2020__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

    ☐ Yes   ☒ No

11. If your answer to question number 10 was "yes," give the following information:

    (a) (1) Name of Court _____

        (2) Nature of proceeding _____

        (3) Grounds raised _____

        (4) Did you receive an evidentiary hearing on your petition, application, or motion?

        ☐ Yes   ☐ No

        (5) Result _____

        (6) Date of result _____

    (b) (1) Name of Court _____

        (2) Nature of proceeding _____

        (3) Grounds raised _____

        (4) Did you receive an evidentiary hearing on your petition, application, or motion?

        ☐ Yes   ☐ No

        (5) Result _____

        (6) Date of result _____

    (c) (1) Name of Court _____

        (2) Nature of proceeding _____

        (3) Grounds raised _____

        (4) Did you receive an evidentiary hearing on your petition, application, or motion?

        ☐ Yes   ☐ No

(5) Result _____

_____

(6) Date of result _____

(d) Did you appeal, to an appellate federal court having jurisdiction, the results of action taken on any petition, application, or motion?

(1) First petition, etc.   ☐ Yes ☐ No

(2) Second petition, etc.  ☐ Yes ☐ No

(3) Third petition, etc.   ☐ Yes ☐ No

(e) If you did not appeal from the adverse action on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

12. State concisely every ground on which you claim that you are being held unlawfully.

**CAUTION:** If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date. For your information, the following is a list of the most frequently raised grounds for relief in this type of proceeding. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds that you have, whether listed below or not. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of the grounds listed below for relief, you must allege facts in support of the grounds you select. The petition will be returned to you if you merely check (a) through (j) or any one or more of these grounds without alleging facts in support.

(a) Conviction obtained by plea of guilty that was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: Conviction obtained by structural Sixth Amendment error due to use of an anonymous jury without considering the alternative of disclosing the jurors' names to the attorneys, or other lesser alternatives.

Supporting facts (tell your story briefly without citing cases or law): Over defense objection, the district court utilized an anonymous jury and prohibited the disclosure of the jurors' names even to the attorneys.  Even if use of an anonymous jury were permissible, it was structural Sixth Amendment error to shield the jurors' names from the attorneys, who could have been provided the names under a protective order.  Defense counsel would not have violated such a protective order.  See memorandum for further details.

B. Ground two: 

Supporting facts (tell your story briefly without citing cases or law): 

C. Ground three: 

Supporting facts (tell your story briefly without citing cases or law): 

D. Ground four: 

Supporting facts (tell your story briefly without citing cases or law): 

13. If any of the grounds listed in 12 A, B, C, or D were not previously presented, state briefly what grounds were not presented, and give your reasons for not presenting them: 

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
☐ Yes   ☒ No

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At a preliminary hearing: _____

    (b) At arraignment and plea: _____

    (c) At trial: Nathan Hochman, Browne George Ross LLP, 2121 Avenue of the Stars, Suite 2800, Los Angeles, CA 90067

    (d) At sentencing: Nathan Hochman, Browne George Ross LLP, 2121 Avenue of the Stars, Suite 2800, Los Angeles, CA 90067

    (e) On appeal: Benjamin L. Coleman, Coleman & Balogh LLP, 1350 Columbia Street, Suite 600, San Diego, CA 92101

    (f) In any post-conviction proceeding: Benjamin L. Coleman, Coleman & Balogh LLP, 1350 Columbia Street, Suite 600, San Diego, CA 92101, this proceeding

    (g) On appeal from any adverse ruling in a post-conviction proceeding: _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court at approximately the same time?

    ☒ Yes    ☐ No

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    ☐ Yes    ☒ No

    (a) If so, give the name and location of the court that imposed sentence to be served in the future: _____

    (b) Give the date and length of sentence to be served in the future: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed sentence to be served in the future?

        ☐ Yes    ☐ No

WHEREFORE, movant prays that the court grant him all relief to which he may be entitled in this proceeding.

s/Benjamin L. Coleman
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on February 5, 2020           s/Benjamin L. Coleman, Rule 2(b)(5)
             *Date*                              *Signature of Movant*