BENJAMIN L. COLEMAN
California State Bar No. 187609
COLEMAN & BALOGH LLP
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone No. (619) 794-0420
Facsimile No. (619) 652-9964
blc@colemanbalogh.com

Attorneys for Defendant Leroy Baca

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 16CR00066-PA |
|---|---|
| Plaintiff, | |
| v. | MEMORANDUM IN SUPPORT OF SECTION 2255 MOTION |
| LEROY BACA, | |
| Defendant. | |

    Defendant Leroy Baca, by and through his counsel of record, hereby files this memorandum in support of his 28 U.S.C. § 2255 motion.

Respectfully submitted,

*s/Benjamin L. Coleman*

Dated: February 5, 2020

BENJAMIN L. COLEMAN
COLEMAN & BALOGH LLP
Attorneys for Defendant Leroy Baca

# TABLE OF CONTENTS

Table of authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A. This claim is not procedurally barred.. . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B. The failure to disclose the jurors' names to the attorneys violated the Sixth Amendment. . . . . . . . . . . . . . . . . . . . . . 5

    C. The Sixth Amendment violation requires the convictions and sentence to be vacated. . . . . . . . . . . . . . . . . . . . . . . . 8

Conclusion.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Proof of service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

## CASES

*Harris v. United States*,
　2017 WL 5633024 (C.D. Cal. 2017).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Presley v. Georgia*,
　558 U.S. 209 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6,7

*Press-Enterprise Co. v. Superior Court*,
　464 U.S. 501 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,7

*Sanders v. United States*,
　373 U.S. 1 (1963). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,5

*United States v. Barragan*,
　871 F.3d 689 (9th Cir. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Blagojevich*,
　612 F.3d 558 (7th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6,7

*United States v. Dharni*,
　757 F.3d 1002 (9th Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Gupta*,
　699 F.3d 682 (2d Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Manzo*,
　675 F.3d 1204 (9th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Sanchez*,
　74 F.3d 562 (5th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Wecht*,
　537 F.3d 222 (3d Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,7

*United States v. Withers*,
　638 F.3d 1055 (9th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,8

*Waller v. Georgia*,
　467 U.S. 39 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6

*Weaver v. Massachusetts*,
　137 S. Ct. 1899 (2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,8

## STATUTES

18 U.S.C. § 371. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 1001. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 1503. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3432. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. § 2255. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

# INTRODUCTION

Defendant Leroy Baca moves for relief pursuant to 28 U.S.C. § 2255. Mr. Baca's trial was tainted by structural error when an anonymous jury was utilized without allowing or even considering limited disclosure of the jurors' identities to the attorneys. The anonymous jury order ran afoul of the Sixth Amendment because it failed to consider this available alternative (or any others), was broader than necessary, and did not contain findings that justified shielding the jurors' names from the attorneys. Although Mr. Baca's challenge to the anonymous jury on direct appeal included an alternative argument that the jurors' names should have been disclosed to counsel, the government failed to respond, and the Ninth Circuit failed to address that particular issue. For this reason, and others, this contention can be brought in this § 2255 motion, and this Court should vacate Mr. Baca's convictions and sentence due to the structural error.

# BACKGROUND

A federal grand jury in the Central District of California returned a superseding indictment charging Mr. Baca with conspiratorial and substantive obstruction of justice, 18 U.S.C. §§ 371, 1503(a), and false statements, 18 U.S.C. § 1001. DE 70.[1] Trial on the obstruction counts commenced in December 2016 but ended in a mistrial, over Mr. Baca's objection, when the jury deadlocked 11-1 in favor of *acquittal*. RT 57 (Dec. 22, 2016). Mr. Baca proceeded to a second trial on all three counts in February 2017. DE 280. The second jury deliberated over the course of three days before returning guilty verdicts. DE 302, 303, 335. This Court imposed a sentence of 36 months. DE 376. The Ninth Circuit affirmed, and the Supreme Court denied review on January 13, 2020.

Before the trials, the government filed a request for an anonymous jury, to which the defense objected. DE 180. Defense counsel renewed his objection at the

---

[1] "DE" refers to the Docket Entry. "RT" refers to the Reporter's Transcript and is followed by the page and date of the transcript. "AOB" refers to the Appellant's Opening Brief submitted by Mr. Baca on direct appeal. "ARB" refers to the Appellant's Reply Brief submitted by Mr. Baca on direct appeal. Mr. Baca has also attached Exhibits A-C.

beginning of the first trial, RT 5-6 (Dec. 5, 2016), and again before the second trial. RT 7-8 (Feb. 13, 2017 PM); *see also* RT 24-26 (Dec. 1, 2016). Despite the defense's objections, this Court used an anonymous jury, issuing a written order approximately two weeks after the conclusion of the second trial explaining that the case involved a conspiracy of law enforcement officers, Mr. Baca likely had connections to officers with the ability to access jurors' privation information, and jurors had expressed apprehension about access to private information in prior trials. DE 350. The order also stated that Mr. Baca was alleged to have interfered with the judicial process, the charges carried potential 5-10 years of imprisonment, and there had been media coverage; the order did not address why the names of the jurors were shielded from the attorneys or why no other alternative measures could be employed. *Id.* Mr. Baca's trial attorney had previously served as an Assistant United States Attorney in the Central District of California and the Assistant Attorney General of the U.S. Department of Justice's Tax Division. Ex. A. He would have complied with any protective orders issued by the Court regarding the jurors' identities had they been disclosed to the attorneys. *Id.*

In his opening and reply briefs on direct appeal, Mr. Baca challenged the use of an anonymous jury. He argued that an anonymous jury was not justified and, alternatively, that the names of the jurors should have at least been disclosed to the attorneys. *See* Ex. B; AOB 42-43 ("Finally, the district court at least erred by failing to disclose the identities of the jurors to counsel, hampering the ability to select a jury. . . . Disclosing the jurors' identities to counsel could not have resulted in juror intimidation."). The government did not address this argument in its answering brief, and Mr. Baca so noted in his reply. Ex. B; ARB 17-18 ("[T]he government fails to offer a developed response to Mr. Baca's contention that the district court should have at least disclosed the jurors' identities to the attorneys so they could perform jury selection. For this reason alone, there was error, as there could be no possible fear of juror intimidation by the attorneys.") (citation and footnote omitted).

In an unpublished opinion, the Ninth Circuit held that the use of an

anonymous jury was justified, but it never addressed Mr. Baca's alternative argument that the jurors' identities at least should have been disclosed to the attorneys. The Ninth Circuit simply explained: "The district court's decision to empanel an anonymous jury was reasonable in light of the highly publicized nature of this case, Baca's and his co-conspirator's positions as former high-ranking law enforcement officers, and the nature of the charges at issue. Additionally, the district court minimized any risk of prejudice to Baca by instructing the jury that an anonymous jury was utilized to protect the jurors' privacy and was unrelated to Baca's guilt or innocence." Ex. C (citation omitted). The Ninth Circuit's memorandum mentioned nothing about Mr. Baca's contention that there should have been limited disclosure of the jurors' identities to the attorneys. *Id.*

## ARGUMENT

### A. This claim is not procedurally barred

Before turning to the merits, Mr. Baca will address the procedural posture of his claim. On direct appeal, Mr. Baca contended that this Court erred by empaneling an anonymous jury. He alternatively contended that, at the very least, limited disclosure of the jurors' names to the attorneys was required, as that would not have implicated any of the dangers necessitating an anonymous jury while protecting his rights to the greatest extent possible. The government never addressed this alternative argument in its answering brief on appeal, and the brief analysis in the Ninth Circuit's unpublished opinion also failed to address it. Although Mr. Baca disagrees with the Ninth Circuit's conclusion that an anonymous jury was justified, he is not challenging that issue in this motion, as it has been resolved. Instead, he is challenging the failure to allow limited disclosure of the jurors' names to his defense counsel, an argument that the Ninth Circuit did not address in its decision. Because the Ninth Circuit did not resolve this issue, it is appropriately brought in this § 2255 motion. Indeed, this is precisely when § 2255 should be utilized, and any doubts about whether the Ninth Circuit decided the issue must be revolved in Mr. Baca's favor. *See Sanders v. United States*, 373 U.S. 1, 16 (1963).

The Ninth Circuit may have declined to address the argument believing it

was more appropriate to consider the question in a § 2255 motion because the government failed to respond to this particular contention in its answering brief, and therefore the issue could benefit from further briefing and development. With this memorandum in support of his § 2255 motion, Mr. Baca has submitted a declaration from trial counsel confirming the importance of the juror information to the defense and that he would not have violated the Court's order had the jurors names been disclosed to him under a protective order. *See* Ex. A. For this additional reason, Mr. Baca's claim is cognizable in this § 2255 motion. *See United States v. Dharni*, 757 F.3d 1002, 1003-04 (9th Cir. 2014) (remanding for findings where Sixth Amendment public trial claim brought in a § 2255 motion and the government did not previously respond to the defendant's argument in its opposition briefs); *see Harris v. United States*, 2017 WL 5633024, at *2 (C.D. Cal. Nov. 20, 2017) (rejecting procedural bar because Ninth Circuit's opinion did not resolve the defendant's particular argument and he submitted additional evidence with his § 2255 motion).

Even if it could somehow be determined that the Ninth Circuit resolved the argument, it is still cognizable in this § 2255 motion. In *United States v. Manzo*, 675 F.3d 1204 (9th Cir. 2012), the Ninth Circuit considered a defendant's claim in a § 2255 motion that the government breached his plea agreement, even though it had previously rejected the claim on direct appeal. The Ninth Circuit explained: "The summary disposition by our court's prior panel in one conclusory sentence gives us no hint of the reasoning supporting that decision. By contrast, our review of the record, described below, supports our conclusion that there was a breach of the plea agreement by the government and that the previous and summary conclusion to the contrary in *Manzo I* was clear error." *Id.* at 1211 n.3. Similarly, in this case, the Ninth Circuit issued an unpublished opinion, and its analysis essentially amounted to two conclusory sentences that did not even mention Mr. Baca's alternative argument that the jurors' names should have been provided to the attorneys and certainly did not provide a "hint of reasoning" as to that particular argument. Thus, this claim is cognizable in this § 2255 motion, particularly because, as demonstrated below, it was clearly erroneous not to order such limited disclosure to the attorneys.

This Court also has the authority to consider the argument in this motion because it will serve the ends of justice. *See Sanders*, 373 U.S. at 16 ("Even if the same ground was rejected on the merits on a prior application, it is open to the applicant to show that the ends of justice would be served by permitting the redetermination of the ground."). The Sixth Amendment error raised in this motion is one of the few *structural* errors in a criminal case. *See, e.g.*, *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1908 (2017); *United States v. Withers*, 638 F.3d 1055, 1063 (9th Cir. 2011). Furthermore, the argument raised by Mr. Baca is straightforward and compelling, so much so that the government did not muster a response in its appellate brief. Finally, Mr. Baca was nearly acquitted at the first trial, as eleven of the twelve jurors voted for not-guilty verdicts. For all of these reasons, the ends of justice demonstrate that Mr. Baca's contention should be heard.

### B. The failure to disclose the jurors' names to the attorneys violated the Sixth Amendment

The failure to order limited disclosure of the jurors' names to the attorneys violated the Supreme Court's Sixth Amendment public trial jurisprudence in *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984), *Waller v. Georgia*, 467 U.S. 39 (1984), and ultimately *Presley v. Georgia*, 558 U.S. 209 (2010). The Supreme Court's public trial opinions make clear that an anonymous jury infringes on the openness that is essential to the jury selection phase of the case. *See Press-Enterprise*, 464 U.S. at 505-09 (recounting the historical tradition emphasizing the open and public nature of jury selection). The long historical record from the Norman Conquest to colonial America "makes clear" that jury selection was conducted "openly," and public jury selection "was the common practice in America when the Constitution was adopted." *Id.* at 507-08.

Both the Third and Seventh Circuits have held that anonymous jury orders are subject to the Supreme Court's Sixth Amendment public trial test, as established in *Press-Enterprise*, *Waller*, and *Presley*. *See United States v. Blagojevich*, 612 F.3d 558, 564-65 (7th Cir. 2010); *United States v. Wecht*, 537 F.3d 222, 234-39 (3d Cir. 2008).

Although the Third Circuit's opinion in *Wecht* and the Seventh Circuit's opinion in *Blagojevich* were in the context of First Amendment claims made by the press, the Supreme Court made clear in *Presley* that the defendant is entitled to the same, if not greater, constitutional protections under the Sixth Amendment. "[T]here is no legitimate reason, at least in the context of juror selection proceedings, to give one who asserts a First Amendment privilege greater rights to insist on public proceedings than the accused has. 'Our cases have uniformly recognized the public-trial guarantee as one created for the benefit of the defendant.' There could be no explanation for barring the accused from raising a constitutional right that is unmistakably for his or her benefit." *Presley*, 558 U.S. at 213 (citation omitted).

In *Waller* and *Presley*, the Supreme Court stated: "The right to an open trial may give way in certain cases to other rights or interests, such as the defendant's right to a fair trial or the government's interest in inhibiting disclosure of sensitive information. Such circumstances will be rare, however, and the balance of interests must be struck with special care." *Presley*, 558 U.S. at 213 (quoting *Waller*, 467 U.S. at 45). To determine whether these "rare" circumstances are established, a court must apply a four-factor test: "The party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure." *Presley*, 558 U.S. at 214 (quoting *Waller*, 467 U.S. at 48). This standard applies to the anonymous jury inquiry, and thus "a judge not only must make the findings required by *Waller* but also must consider alternatives to secrecy, whether or not the lawyers propose some." *Blagojevich*, 612 F.3d at 565. To be clear, under this standard, "trial courts are required to consider alternatives . . . *even when they are not offered by the parties* . . . ." *Presley*, 558 U.S. at 214 (emphasis added).

The anonymous jury order in this case failed to comply with the *Presley/Waller* standard because it did not consider reasonable alternatives and was broader than necessary to protect the interests at stake. *See Presley*, 558 U.S. at 214. In

particular, the order did not consider that limited disclosure of the jurors' identities to the attorneys was required and would not have compromised the reasons justifying anonymity. Indeed, *Press-Enterprise* emphasized that defense counsel must be provided with full disclosure during voir dire, even as to the most sensitive juror information, and a trial court must employ every reasonable measure resulting in the most minimal possible secrecy. *See Press-Enterprise*, 464 U.S. at 512 (all in camera parts of jury selection must be "with counsel present"). Even in the most dangerous cases, a defendant's right to investigate the potential jurors is protected, *see* 18 U.S.C. § 3432 (requiring names and addresses of veniremen to be provided at least three days before the commencement of a capital trial), and allowing the jurors' names to be disclosed to counsel also diminishes the possibility of juror bias or tampering, as it enhances counsel's ability to investigate such matters and to protect his client's right to a fair trial. *See Wecht*, 537 F.3d at 241-42. Mr. Baca's trial counsel has stated that disclosure of the jurors' identities would have enhanced his ability to select the jury, present the defense at trial, and investigate potential jury misconduct or tampering. *See* Ex. A.

The Supreme Court's precedent, including *Press-Enterprise*, establishes that the Sixth Amendment prohibits wholesale juror anonymity without limited disclosure to the attorneys, and the juror anonymity order in this case ignored the critical part of the inquiry requiring consideration of such a lesser alternative. *Presley*, 558 U.S. at 214-16. Under a proper application of the *Waller/Presley* standard, a complete anonymity order like the one here can only be entered if a court is confronted with a corrupt lawyer likely to divulge juror information in violation of its orders. No such corrupt attorney was involved here, *see* Ex. A, and the order never made such a finding because it did not consider limited disclosure to the attorneys, or any other alternatives, a dispositive point in the Sixth Amendment analysis. *Presley*, 558 U.S. at 214-16.[2] Even in cases involving the

---

[2] The order also did not consider whether juror sequestration would have been sufficient. *See Blagojevich*, 612 F.3d at 565.

most dangerous gangs, trial courts entering anonymous jury orders have allowed limited disclosure to the attorneys. *See United States v. Barragan*, 871 F.3d 689, 712 (9th Cir. 2017) (using anonymous jury in Mexican Mafia case but disclosing jurors' identities to the attorneys "in advance to do background checks, without divulging those names to their clients"). The failure to implement a similar alternative here violated the Sixth Amendment, and this Court cannot now make findings after-the-fact to justify withholding the jurors' names from the attorneys. *See United States v. Gupta*, 699 F.3d 682, 687 (2d Cir. 2012) (findings issued after-the-fact did not justify closure during voir dire).

### C. The Sixth Amendment violation requires the convictions and sentence to be vacated

A violation of the right to a public trial is a structural error automatically requiring a new trial. *See, e.g.*, *Weaver*, 137 S. Ct. at 1908; *Withers*, 638 F.3d at 1063. Thus, this Court must vacate Mr. Baca's convictions and sentence and order a new trial due to the structural Sixth Amendment error.

Even if the error were somehow not structural, Mr. Baca would still be entitled to a new trial. There was clearly no need to prohibit disclosure of the jurors' identities to the attorneys, and this case was extraordinarily close, as demonstrated by the lengthy jury deliberations at the second trial and the result of the first trial, which ended in an 11-1 deadlock in favor of acquittal. *See United States v. Sanchez*, 74 F.3d 562, 565 (5th Cir. 1996) (reversing for anonymous jury error in case involving an officer who threatened to arrest prostitutes to coerce them to engage in sex acts).

### **CONCLUSION**

For the foregoing reasons, this Court should grant Mr. Baca's § 2255 motion, vacate his convictions and sentence, and order a new trial.

Respectfully submitted,

*s/Benjamin L. Coleman*

Dated: February 5, 2020
BENJAMIN L. COLEMAN
COLEMAN & BALOGH LLP
*Attorneys for Defendant Leroy Baca*

## **PROOF OF SERVICE**

I hereby certify that, on February 5, 2020, I electronically filed the attached Section 2255 Motion, Memorandum in Support of Section 2255 Motion, and Exhibits with the Clerk of the Court by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 5, 2020, at San Diego, California.

*s/Benjamin L. Coleman*
BENJAMIN L. COLEMAN