# EXHIBIT C

**NOT FOR PUBLICATION**

FILED

FEB 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. LEROY BACA, Defendant-Appellant. | No. 17-50192<br>D.C. No. 2:16-cr-00066-PA<br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted November 6, 2018
Pasadena, California

Before: RAWLINSON and HURWITZ, Circuit Judges, and BOUGH,** District Judge.

Leroy Baca appeals from the district court's judgment and challenges his jury-trial convictions for conspiracy, in violation of 18 U.S.C. § 371; obstruction of justice, in violation of 18 U.S.C. § 1503(a); and making a false statement, in

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

violation of 18 U.S.C. § 1001(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** In his case in chief, Baca sought to introduce expert testimony by Dr. James Spar, M.D., regarding Baca's Alzheimer's diagnosis. We review a district court's decision to exclude expert testimony under Federal Rules of Evidence 403 and 702 for abuse of discretion. *See United States v. Spangler*, 810 F.3d 702, 706 (9th Cir. 2016); *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000). The district court did not abuse its discretion in rejecting Dr. Spar's testimony as unreliable given his speculation about whether Baca suffered from cognitive impairments when making his false statements, and, if so, how those impairments affected his answers. The district court also did not abuse its discretion in excluding this testimony under Rule 403 given its probative value in relation to the risk of jury confusion. Nor did exclusion of this evidence deny Baca his constitutional right to present a defense. *See United States v. Waters*, 627 F.3d 345, 354-55 (9th Cir. 2010).

**2.** At trial, Baca sought to elicit testimony that after Assistant Sheriff Rhambo warned Baca not to interfere with the federal investigation, Baca responded by stating that federal authorities had broken the law. The district court excluded this testimony as hearsay. On appeal, Baca argues this statement was either not hearsay or subject to the state-of-mind exception to the hearsay rule.

Because Baca failed to raise either argument before the district court, we review for plain error. *See United States v. Chang*, 207 F.3d 1169, 1176 (9th Cir. 2000). Even assuming arguendo that the district court erred in excluding this testimony, Baca has failed to demonstrate that any error affected his substantial rights. *See, e.g.*, *United States v. Alghazouli*, 517 F.3d 1179, 1190 (9th Cir. 2008). Baca introduced evidence of similar instances where he told others that he believed federal authorities had broken the law during their investigation. He was therefore able to argue to the jury in closing that it was this belief, and not an intent to obstruct justice, which motivated his actions. Accordingly, we find no plain error.

**3.** Baca also argues that the district court erred in empaneling an anonymous jury. We review for abuse of discretion, *see United States v. Shryock*, 342 F.3d 948, 970-71 (9th Cir. 2003), and find none. The district court's decision to empanel an anonymous jury was reasonable in light of the highly publicized nature of this case, Baca's and his co-conspirator's positions as former high-ranking law enforcement officers, and the nature of the charges at issue. *See id.* at 971 (setting forth factors considered in deciding whether to empanel an anonymous jury). Additionally, the district court minimized any risk of prejudice to Baca by instructing the jury that an anonymous jury was utilized to protect the jurors' privacy and was unrelated to Baca's guilt or innocence. *See id.* (requiring the district court to adopt "reasonable safeguards" to minimize the risk that the

defendant's rights are infringed).

**4.** Baca next contends that the district court erred in denying his motion to dismiss the indictment on double jeopardy grounds after the mistrial in Baca's first trial. The district court declared a mistrial after the jury reported (and reaffirmed in open court) that it was unable to reach a verdict and there was not a reasonable probability that further deliberations would be productive. We review a district court's determination that there was manifest necessity to declare a mistrial for abuse of discretion. *United States v. Chapman*, 524 F.3d 1073, 1082 (9th Cir. 2008). Given the jury's assessment and the length of the deliberations, the district court did not abuse its discretion in declaring the mistrial. *See United States v. Hernandez-Guardado*, 228 F.3d 1017, 1028 (9th Cir. 2000) (setting forth factors a district court should consider in determining whether to declare a mistrial because of jury deadlock, and noting the "most critical factor" is the "jury's own statement that it is unable to reach a verdict").[1] Because the district court did not abuse its discretion in finding manifest necessity for a mistrial in Baca's first trial, the

---

[11] Baca requests that we adopt a rule requiring a district court to give a potentially deadlocked jury an *Allen* charge when the defendant requests it and the charge would not be *per se* coercive under this Court's precedent. *See Allen v. United States*, 164 U.S. 492 (18960. We decline to do so. As we have recognized, "[e]xtraordinary caution must be exercised when acting to break jury deadlock," and this is particularly the case with *Allen* charges. *United States v. Evanston*, 651 F.3d 1080, 1085 (9th Cir. 2011). The decision on whether to give an *Allen* charge is left properly to the discretion of the district court. *See, e.g.*, *United States v. See*, 505 F.2d 845, 854 (9th Cir. 1974).

Double Jeopardy Clause did not bar his retrial. *See, e.g.*, *United States v. Alvarez-Moreno*, 657 F.3d 896, 900 (9th Cir. 2011).

**5.** Baca also challenges the district court's jury instructions regarding the government's cooperating witnesses. We find no error. *See United States v. Ubaldo*, 859 F.3d 690, 700 (9th Cir. 2017) (a district court's formulation of jury instructions are reviewed for abuse of discretion). The district court properly instructed the jury that the cooperating witnesses were seeking leniency at sentencing and that the testimony of these witnesses' should be evaluated with greater caution than that of others. The district court's further instruction regarding the district court's exclusive authority to determine the cooperating witnesses' sentences independent of the government's recommendation was not misleading.

**6.** Baca next argues that the district court improperly instructed the jury regarding the obstruction of justice count's mens rea requirement. We disagree. The district court properly instructed the jury that in order to convict Baca for obstruction of justice, the government had to prove beyond a reasonable doubt that Baca acted "corruptly," meaning that he knew of the federal grand jury investigation and acted with an intent to obstruct it. *See United States v. Rasheed*, 663 F.2d 843, 852 (9th Cir. 1981) ("We hold that the word 'corruptly' as used in the statute means that the act must be done with the purpose of obstructing justice."). The Supreme Court's decision in *Arthur Andersen LLP v. United States*,

544 U.S. 696 (2005), did not require the government to prove that Baca acted with a consciousness of wrongdoing or that his conduct was wrongful, immoral, depraved, or evil. *See United States v. Watters*, 717 F.3d 733, 735-36 (9th Cir. 2013).

**7.** Baca argues that the prosecutor engaged in misconduct during his rebuttal argument. We find no basis for reversing. Contrary to Baca's contention, the government did not argue that the cooperating witnesses' guilty verdicts could be used as evidence of Baca's guilt. Further, the district court negated any unfair inference created by the government's references to the guilty verdicts in the jury instructions. *See, e.g.*, *Deck v. Jenkins*, 814 F.3d 954, 979 (9th Cir. 2014) ("[A] jury is presumed to follow the trial court's instructions."). Finally, although we do not condone the government's decision to reference Baca's counsel by name and accuse him personally of distorting the evidence or attempting to mislead the jury, we conclude that this line of argument did not materially affect the verdict. *See, e.g.*, *United States v. Taylor*, 641 F.3d 1110, 1120 (9th Cir. 2011).[2]

**8.** Finally, sufficient evidence supported Baca's convictions. First, the government was not required to introduce evidence that Baca engaged in bribery to satisfy the "corruptly" element of 18 U.S.C. § 1503(a). Rather, "the word

---

[2] To the extent the Defendant argues the district court erred in how it handled the parties' objections during closing argument, we find no abuse of discretion. *See United States v. Etsitty*, 130 F.3d 420, 424 (9th Cir. 1997) (per curiam).

'corruptly' as used in the statute means the act must be done with the purpose of obstructing justice." *Rasheed*, 663 F.2d at 852. The government introduced sufficient evidence from which a jury could conclude that Baca acted with this requisite intent. Second, as to the false statement count, the government introduced sufficient evidence from which the jury could conclude that Baca made his false statements in a "matter within the jurisdiction" of the executive branch. 18 U.S.C. § 1001(a); *see also United States v. Rodgers*, 466 U.S. 475, 479-83 (1984).

**AFFIRMED.**




FEB 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

***U.S.A. v. Baca*, Case No. 17-50192**
**Rawlinson, Circuit Judge, concurring in the result:**

I concur in the result.