NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorney
Acting Deputy Chief, General Crimes Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4849
     Facsimile: (213) 894-6269
     E-mail:    eddie.jauregui@usdoj.gov

Attorneys for Respondent
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| LEROY BACA,              | Nos. CV 20-1167-PA |
|                          | CR 16-66(A)-PA |
|     Petitioner,          | |
|                          | GOVERNMENT'S OPPOSITION TO |
|     v.                   | PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER |
| UNITED STATES OF AMERICA,| 28 U.S.C. § 2255 |
|     Respondent.          | |

    Respondent United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brandon D. Fox and Eddie A. Jauregui, hereby files its opposition to petitioner's motion to vacate his convictions and sentence and for a new trial.

//
//
//
//

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 23, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

      /s/
BRANDON D. FOX
EDDIE A. JAUREGUI
Assistant United States Attorneys

Attorneys for Respondent
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Petitioner Leroy Baca ("petitioner") seeks vacatur of his convictions and sentence, and a new trial, in a motion under 28 U.S.C. § 2255, on a ground not previously presented to this Court or to the Ninth Circuit Court of Appeals and not supported by the law.

First, petitioner failed to preserve the claim in his motion: that refusing to supply juror names to attorneys violated his <u>Sixth Amendment right to a public trial</u>. In this Court, petitioner merely expressed concern regarding the use of an anonymous jury. In the Ninth Circuit, petitioner asserted that the anonymous jury was unwarranted. He never contended that the procedure violated his public-trial right, nor did he ever request that names be provided to attorneys only. The claim in his motion is therefore procedurally defaulted. Because he does not even attempt to satisfy the cause and prejudice requirements to excuse his default, the petition should be dismissed.

Even if he had not procedurally defaulted, the petition should be denied because it is meritless. Petitioner does not cite a single case holding that a district court's decision to withhold juror names from attorneys contravenes a defendant's right to a public trial. Indeed, it does not. Withholding names is not akin to closing the courtroom, and even if analyzed through the public-trial lens, the Ninth Circuit has already concluded that empaneling an anonymous jury in this case was reasonable under the circumstances.

**II.  BACKGROUND**

Petitioner is the former sheriff of Los Angeles County. He was convicted by a jury in March 2017 of conspiracy to obstruct justice,

obstruction of justice, and making false statements to the FBI in connection with a grand jury investigation into civil rights abuses in the jails. (Dkt. 335, 345.)[1] Petitioner was initially tried in December 2016, but the jury in that trial failed to reach a unanimous verdict. (Dkt. 210, 230.)

### A. Petitioner's failure to preserve his claim in this Court

Prior to petitioner's initial trial, this Court informed the parties that it intended to identify prospective jurors by number rather than name. (See Dkt. 187 (Tr. of Hr'g on 12/1/2016) at 24-25.) Information regarding the members of the venire was not otherwise limited. Prospective jurors were required to complete detailed questionnaires and were subject to extensive group and individualized voir dire. (See id. at 23-24, 27; Dkt. 460, 461 (Trs. of voir dire proceedings on 12/6/16); Dkt. 406, 408, 410, 430, 432 (Trs. of voir dire proceedings on 2/22/17, 2/23/17, and 2/24/17).)

This Court explained its justification for withholding juror names. Jurors in the trials of petitioner's co-conspirators had twice "expressed fear of intimidation given the nature of the charges and the defendant's ties to law enforcement." (See Dkt. 187 (Tr. of Hr'g on 12/1/2016) at 24.) To safeguard against any potential prejudice, the Court decided to instruct that the use of juror numbers was normal procedure. (Id. at 25; see also Dkt. 406 (Tr. of Trial on 2/22/2017) at 23-24, 40 (delivering anonymous jury instructions at petitioner's retrial).)

---

[1] "Dkt." refers to docket numbers on this Court's docket for petitioner's criminal case. "Mot." refers to petitioner's brief in support of his § 2255 motion. "AOB" refers to Appellant's Opening Brief in his direct appeal, C.A. 17-50192, the relevant part of which is also attached to Petitioner's Motion as Exhibit B.

Upon clarifying that the parties would not receive prospective jurors' names, petitioner's counsel expressed "concern" that jurors would interpret the use of numbers as an indication that petitioner posed a threat to them. (Dkt. 187 (Tr. of Hr'g on 12/1/2016) at 25-26.) This Court was confident it could devise a procedure to alleviate that concern. (Id. at 26-27; see also Dkt. 180 (government's ex parte application for order empaneling an anonymous jury and proposed jury instructions).)

Although petitioner's counsel committed to try to "come up with something that will address [his] concern," he never did. (Dkt. 187 at 27.) Petitioner never proposed supplying juror names to attorneys only. He also never claimed that withholding names might violate his right to a public trial. On the first day of his initial trial, petitioner merely "incorporate[d] the arguments [he] made before" regarding the anonymous jury selection procedure. (Dkt. 458 (Tr. of Hr'g on 12/5/2016) at 6.) Before petitioner's retrial, he merely "note[d] for the record and renew[ed] the objections to the anonymous jury and incorporate[d] by reference the prior arguments [he] made in this regard." (Dkt. 401 (Tr. of Hr'g on 2/13/2017) at 8.)

This Court subsequently entered detailed written findings supporting its use of an anonymous jury. (Dkt. 350 (Findings Re Use of Anonymous Jury).) Petitioner was "alleged to have engaged in an organized criminal conspiracy in which [he] had the ultimate power and decision-making authority." (Id. at 1.) He was "extremely likely to have present connections to law-enforcement officers with the ability to access jurors' private information." (Id.) Given that ability, jurors had articulated safety concerns at two of petitioner's co-conspirators' trials. (Id.) Furthermore, petitioner

3

was "alleged to have interfered with the judicial process and witnesses by hiding a federal informant, disobeying a federal writ for testimony, tampering with witnesses, and intimidating federal officers." (Id. at 2.) If convicted, petitioner faced "a lengthy period of incarceration." (Id.) On top of that, petitioner's case had "attracted publicity" and was likely to be closely followed by the media, which enhanced the risk of juror "intimidation and harassment." (Id.) This Court also found that the anonymous jury would protect petitioner's right to a fair trial and the integrity of the judicial process and would "ensure that the jurors [were] not exposed to the litigation history of the case."[2] (Id.)

**B.  Petitioner's failure to preserve his claim on direct appeal**

On direct appeal, petitioner argued, inter alia, that the district court erroneously empaneled an anonymous jury under United States v. Shryock, 342 F.3d 948 (9th Cir. 2003); United States v. Sanchez, 74 F.3d 562 (5th Cir. 1996); and United States v. Wecht, 537 F.3d 222 (3d Cir. 2008). (See AOB 36-43.) Once again, petitioner failed to preserve the claim he now seeks to litigate. Although he contended that the circumstances of his particular case did not warrant withholding juror names, his claim was premised on the factors that appellate courts have identified as relevant to that discretionary determination. (See id.) He briefly asserted that empaneling an anonymous jury should be treated as structural error because it "implicates" the right to "public access" and "is similar to the right to a public trial," but he did not contend that this

---

[2] Defendant had previously pleaded guilty to lying about his role in the obstruction of justice scheme. (Dkt. 15.) As part of that guilty plea, defendant admitted facts supporting his involvement in the conspiracy. (Dkt. 5.) He later withdrew his guilty plea and proceeded to trial. (Dkt. 68.)

4

Court actually violated his Sixth Amendment rights. (AOB 43.) Nor did petitioner claim--as he does now--that the Sixth Amendment required this Court to "consider alternatives to secrecy," such as by providing juror names to counsel only. (Compare AOB 36-43 with Mot. at 6.) Like the rest of his anonymous jury arguments, his passing assertion that "the district court at least erred by failing to disclose the identities of the jurors to counsel" was not premised on the Sixth Amendment, but on the ordinary factors that courts evaluate in exercising their discretion to withhold juror names. (AOB 42-43 (citing Sanchez, 74 F.3d at 565).)

The Ninth Circuit rejected petitioner's anonymous jury claim in the same manner he framed it. The Court concluded that empaneling an anonymous jury "was reasonable" in light of at least three factors: "the highly publicized nature of this case," petitioner's and his co-conspirators' "positions as former high-ranking law enforcement officers," and "the nature of the charges at issue." United States v. Baca, 761 F. App'x 724, 727 (9th Cir. 2019). The Ninth Circuit further found that this Court "minimized any risk of prejudice to [petitioner] by instructing the jury that an anonymous jury was utilized to protect the jurors' privacy and was unrelated to [petitioner's] guilt or innocence." Id. The Supreme Court subsequently denied petitioner's application for a writ of certiorari. Baca v. United States, 140 S. Ct. 910 (2020).

**III. PETITIONER'S § 2255 MOTION IS PROCEDURALLY BARRED**

Petitioner contends that his § 2255 motion is not procedurally barred because, he argues, he presented his Sixth Amendment claim to the Ninth Circuit. (Mot. at 3.) That is incorrect.

### A. Petitioner defaulted his claim

Petitioner's claim on direct appeal was that the circumstances of his particular case did not warrant an anonymous jury. (AOB 36-43.) He argued that an anonymous jury "must be supported by 'strong' justifications" and that "the requisite strong justifications did not exist in this case." (AOB 38 (quoting Shryock, 342 F.3d at 971).) He compared his case to two others--Sanchez, a Fifth Circuit case, and Wecht, a Third Circuit case--and argued that an anonymous jury was not appropriate here because an anonymous jury was not appropriate in those cases. (AOB 38-42.) His claim was that the factors supporting an anonymous jury were insufficient: "[t]he showing here was as deficient, if not more deficient, than the ones in Sanchez and Wecht." (AOB 40.)

Petitioner did not claim on direct appeal that the use of an anonymous jury violated his Sixth Amendment right to a public trial. He only mentioned the public-trial precedents upon which he now relies in drawing an analogy to support his (incorrect) assertion that empaneling an anonymous jury may be treated as "structural error" requiring reversal despite absence of prejudice. (See AOB 43 (citing Presley v. Georgia, 558 U.S. 209 (2010) and Waller v. Georgia, 467 U.S. 39 (1984)).) He argued that a prejudice analysis was not necessary because an anonymous jury "implicates both the First Amendment right to public access and a defendant's Fifth and Sixth Amendment rights" and is therefore "similar to the right to a public trial." (AOB 43.) That argument by analogy was an attempt to circumvent harmless-error review and does not do the work petitioner now imputes to it. He never actually claimed in this Court or in the

6

Ninth Circuit that the use of an anonymous jury violated his constitutional right to a public trial.

Petitioner's assertion that the Ninth Circuit did not resolve the public-trial claim he now advances fails for the same reason. (See Mot. at 3-4.) Because he did not actually raise the claim, the Ninth Circuit had no occasion to address it. The Ninth Circuit does not "manufacture arguments" a party fails to "specifically and distinctly" advance in its opening brief; rather, such arguments are deemed waived. United States v. Perez-Silvan, 861 F.3d 935, 938 (9th Cir. 2017) (citations omitted); United States v. Reyes, 660 F.3d 454, 463 (9th Cir. 2011); United States v. Kama, 394 F.3d 1236, 1238 (9th Cir. 2005). The Ninth Circuit did not fail to address a constitutional claim petitioner waived by failing to litigate.

### B. Petitioner does not establish cause and prejudice to excuse his default

Under the doctrine of procedural default, relief for a claim under § 2255 is unavailable unless the petitioner previously raised it on direct appeal. See Bousley v. United States, 523 U.S. 614, 622 (1998) (holding that a claim is procedurally defaulted if it could have been "fully and completely addressed on direct review"); United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir. 1985) ("Section 2255 is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal."). "If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." United States

7

v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993) (citing United States v. Frady, 456 U.S. 152, 168 (1982)).

Petitioner does not even attempt to satisfy the cause and prejudice standard. Nor can he.

### 1. Petitioner cannot show cause

Here, petitioner has shown no cause for his failure to advance the instant claim, a purely legal one, on direct appeal. As noted above, petitioner compared the purported error in this case to a Sixth Amendment violation for complete closure of a trial or pretrial proceeding, but did not argue that this Court's decision to use an anonymous jury in fact violated his constitutional rights. (AOB at 43.) All of the cases petitioner now relies upon predated his direct appeal by at least at least seven years, and some of the key cases have been law for over 35. See Presley, 558 U.S. 209; Waller, 467 U.S. 39; Press-Enterprise Co. v. Superior Court, 464 U.S. 501 (1984); United States v. Blagojevich, 612 F.3d 558 (7th Cir. 2010); Wecht, 537 F.3d 222. Thus, counsel either chose not to raise the Sixth Amendment claim on direct appeal or he failed to recognize it, and neither constitutes cause excusing a procedural default. Murray v. Carrier, 477 U.S. 478, 486 (1986).

### 2. Petitioner cannot show prejudice

To establish prejudice, petitioner must "demonstrat[e] 'not merely that the errors . . . at trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" United States v. Braswell, 501 F.3d 1147, 1150 (9th Cir. 2007) (quoting Frady, 456 U.S. at 170) (emphasis in original).

Petitioner cannot meet that test either. The Ninth Circuit concluded that this Court's decision to empanel an anonymous jury was not error at all. Baca, 761 F. App'x at 727. That conclusion was supported by both Ninth Circuit and Supreme Court precedents permitting the withholding of juror names in certain circumstances. See, e.g., Shryock, 342 F.3d at 971; see also Press-Enterprise, 464 U.S. at 512 (noting that "valid privacy right[s]" may require that "the name of a juror [be] withheld" in proceedings that are otherwise open to the public).

Moreover, petitioner _had_ a public trial. The courtroom was not closed. The trial included a public and robust jury selection process that spanned three days. (See Dkt. 406, 408, 410, 430, 432 (Trs. of voir dire proceedings on 2/22/17, 2/23/17, and 2/24/17).) The parties were given significant information about prospective and actual jurors (including age, city of residence, marital status, occupation, number of household members, level of educational attainment, criminal history, views on law enforcement officers, knowledge of petitioner's initial trial, etc.), and defense counsel fully engaged in the voir dire process, questioning some prospective jurors at sidebar. (Id.) To the extent petitioner maintains that knowing the jurors' names would have permitted him to conduct post-trial investigation, nothing to the government's knowledge precluded the defense from speaking to the jurors after they rendered their verdict. In light of these facts, and the overwhelming evidence of guilt at trial, the Court's decision to withhold juror names did not substantially prejudice petitioner, much less "infect[] his entire trial with error of constitutional dimensions." Braswell, 501 F.3d at 1150. Indeed, petitioner's observation that the first jury

9

deadlocked in favor of acquittal (Mot. at 1, 8) only confirms the harmlessness of any purported error in the anonymous jury selection procedure. That first jury was also selected anonymously.

Accordingly, petitioner's § 2255 motion is procedurally barred and should be dismissed.

## IV. PETITIONER'S SIXTH AMENDMENT CLAIM IS MERITLESS

Should the Court determine that petitioner's claim is not procedurally barred, it should nevertheless deny the petition because the claim is meritless.

Petitioner's sole argument now is that the Court violated his Sixth Amendment right to a public trial by empaneling an anonymous jury without first applying the four-factor "public trial test." (Mot. at 6-7.) None of the cases on which he relies supports that contention. In Press-Enterprise, the Supreme Court held that barring the public and the press from six weeks of voir dire proceedings in a criminal case, "without considering alternatives to closure," violated the First Amendment. 464 U.S. at 513. In Presley, the Court held that the Sixth Amendment's public-trial guarantee likewise precludes a trial court from excluding the public from voir dire without "consider[ing] alternatives to closure." 558 U.S. at 214. And in Waller, the Court held that, in certain circumstances, "the closure of [an] entire suppression hearing" violates the Sixth Amendment. 467 U.S. at 48. Each of these cases involved complete closure of the courtroom without consideration of less restrictive alternatives, whereas here the Court protected the right to an open and public trial by taking the more limited step of anonymizing the jury (while still engaging in a robust voir dire).

The only case plausibly supporting petitioner's contention is Blagojevich, where the Seventh Circuit held that the district court's order deferring disclosure of juror names to the public was subject to the Waller/Presley public trial test.  612 F.3d at 5565.  But even Blagojevich betrays petitioner's position.  As the Seventh Circuit subsequently explained, Blagojevich concerned the use of a confidential jury--wherein names were disclosed to the parties but withheld from the public, 612 F.3d at 559--not an anonymous one, and "they require different analyses" because they implicate different rights: the former focuses on the right of public access while the latter safeguards a defendant's due process rights.  United States v. Harris, 763 F.3d 881, 886 (7th Cir. 2014).  When a district court in the Seventh Circuit employs an anonymous jury, it does not utilize the Blagojevich "public trial" test but instead applies a test nearly identical to the test the Ninth Circuit applied in Shryock, 342 F.3d at 970-71.  See Harris, 763 F.3d at 886; United States v. Mansoori, 304 F.3d 635, 650-51 (7th Cir. 2002) (outlining "factors bearing on the propriety of an anonymous jury").

What is more, Blagojevich ruled only that the district court in that case had failed to make particularized findings of fact necessary to justify the withholding of juror names from the media.  612 F.3d at 564.  The Seventh Circuit expressly "[did] not decide" whether the withholding of names until the end of trial could be justified.  Id. at 565 (emphasis added).  The circuit merely ordered that the district court hold a hearing to determine whether "some unusual risk" might support juror confidentiality; the circuit recognized that "[t]he great public interest in [the] prosecution may indeed create exceptional risks."  Id.  Thus, consistent with the

11

Third Circuit's decision in <u>Wecht</u>, 537 F.3d at 241, the Seventh Circuit recognized in <u>Blagojevich</u> that unusual risks may justify withholding juror names, 612 F.3d at 564-565.  The upshot of both cases is the same: a district court empaneling either a confidential or anonymous jury must find exceptional circumstances that support its decision.

That is exactly what this Court did.  It found that multiple unusual factors warranted the use of an anonymous jury.  (Dkt. 350.) And, on the basis of this Court's findings--which petitioner did not challenge on appeal--the Ninth Circuit affirmed.  <u>Baca</u>, 761 F. App'x at 727.  Hence, empaneling an anonymous jury was permissible.  None of petitioner's authorities hold otherwise.  Petitioner's Sixth Amendment right to a public trial was not violated.

**V.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court either dismiss petitioner's motion as procedurally defaulted or deny it as meritless.