BENJAMIN L. COLEMAN
California State Bar No. 187609
COLEMAN & BALOGH LLP
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone No. (619) 794-0420
Facsimile No. (619) 652-9964
blc@colemanbalogh.com

Attorneys for Defendant Leroy Baca

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  16CR00066-PA |
| | ) | Case No.  20CV01167-PA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | EX PARTE APPLICATION FOR |
| | ) | BAIL PENDING SECTION 2255 |
| LEROY BACA, | ) | PROCEEDINGS |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Defendant/Movant Leroy Baca, by and through his counsel of record, hereby files this ex parte application for bail pending 28 U.S.C. § 2255 proceedings.  Undersigned counsel states under oath that he has notified government counsel that he would be filing this application on today's date, and counsel for the government have stated that the government opposes this application.  The contact information for government counsel is:

> Brandon D. Fox and Eddie A. Jauregui
> 1100 United States Courthouse
> 312 North Spring Street
> Los Angeles, California 90012
> (213) 894-4849; (213) 894-6269
> Email: Brandon.Fox@usdoj.gov; eddie.jauregui@usdoj.gov

Respectfully submitted,

*s/Benjamin L. Coleman*

Dated:   March 26, 2020

BENJAMIN L. COLEMAN
COLEMAN & BALOGH LLP
*Attorneys for Leroy Baca*

# **TABLE OF CONTENTS**

Table of authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Argument.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Conclusion.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

Proof of service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

i

# <u>TABLE OF AUTHORITIES</u>

## CASES

*Cherek v. United States*,
 767 F.2d 335 (7th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Land v. Deeds*,
 878 F.2d 318 (9th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Presley v. Georgia*,
 558 U.S. 209 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3,4

*Press-Enterprise Co. v. Superior Court*,
 464 U.S. 501 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Barragan*,
 871 F.3d 689 (9th Cir. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Blagojevich*,
 612 F.3d 558 (7th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Wecht*,
 537 F.3d 222 (3d Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Withers*,
 638 F.3d 1055 (9th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Waller v. Georgia*,
 467 U.S. 39 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## STATUTES

18 U.S.C. § 371. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 1001. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 1503. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 2255. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

# INTRODUCTION

Defendant/Movant Leroy Baca respectfully submits this ex parte application for bail pending 28 U.S.C. § 2255 proceedings.  Mr. Baca submits that this application presents extraordinary circumstances requiring relief on an expedited basis.

# BACKGROUND

On May 12, 2017, the Court sentenced Mr. Baca to a custodial term of 36 months on three counts of conviction under 18 U.S.C. §§ 371, 1503(a), and 1001.  Mr. Baca was released on bail pending his trial and pending appeal without incident.  Throughout the proceedings, the government has conceded that he is not a flight risk or danger to the community.  The Ninth Circuit affirmed his convictions, and the Supreme Court denied his petition for a writ of *certiorari* on January 13, 2020.  Mr. Baca then surrendered to his designated institution on February 4, 2020, a day before he was ordered to surrender.  Mr. Baca filed the instant 28 U.S.C. § 2255 motion on February 5, 2020.

This country is in the midst of the COVID-19 pandemic.  Mr. Baca is nearly 78-years old and has Alzheimer's disease.  He is part of the population most vulnerable to the virus.  On March 22, 2020, the President held a press conference and stated that the federal government was considering releasing non-violent prisoners due to the grave risk of the virus spreading in a prison environment.  The government filed its opposition to the § 2255 motion on March 23, 2020.  Mr. Baca's reply is due on March 30, 2020.

# ARGUMENT

"[T]here is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision . . . ." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985)(Posner, J.).  "Bail pending a decision in a habeas case is reserved for extraordinary cases involving special circumstances *or* a high probability of success." *Land v. Deeds*, 878 F.2d 318, 318-19 (9th Cir. 1989) (emphasis added).  This is an extraordinary case, and although the test is phrased in the disjunctive, Mr. Baca can show both special circumstances and a high probability of success.

As far as special circumstances, Mr. Baca is about to turn 78-years old and has Alzheimer's disease.  He is in custody in the midst of the COVID-19 pandemic and is clearly part of the population that is most vulnerable to the virus.  He is absolutely no flight risk, having self-surrendered to his designated institution a day early.  He was convicted on non-violent offenses and has no prior convictions or history of violence.  At a March 22, 2020 press conference, the President of the United States stated that the federal government was considering releasing non-violent federal prisoners due to the grave risk of the virus spreading in a prison environment.  Mr. Baca clearly fits the type of offender who should be released under the circumstances.  Furthermore, Mr. Baca could complete the custodial portion of his sentence (particularly when considering credits for good behavior and other reductions) before his § 2255 motion is finally resolved.

Mr. Baca's motion also has a high probability of success.  The government's opposition was just filed, and Mr. Baca will be filing a reply next week addressing the government's arguments in more detail.  In short, the opposition does not persuasively refute his claim.  The government essentially concedes that the Ninth Circuit did not address Mr. Baca's contention that it was error to withhold the jurors' names from the attorneys.  And, the government *still* fails to offer *any* reason why withholding the names of the jurors from the attorneys was necessary or even appropriate.  Instead, the government essentially offers three arguments, mostly procedural, and all of which inadequately address the authority cited by Mr. Baca.

First, although the government recognizes that trial counsel objected to the anonymous jury, it contends that trial counsel did not preserve this claim in this Court. The government does not address *Presley v. Georgia*, 558 U.S. 209, 214 (2010), which makes clear that the objection was sufficient, and defense counsel did not need to propose releasing the jurors' names to the attorneys to preserve this claim.  *See United States v. Blagojevich*, 612 F.3d 558, 565 (7th Cir. 2010).

Second, the government claims that appellate counsel did not raise the argument in the Ninth Circuit.  The government recognizes that appellate counsel did contend that it

was error to fail to release the names of the jurors to counsel (and does not dispute that it failed to respond), but contends that he only "briefly" raised the Sixth Amendment. Whether the Sixth Amendment was "briefly" raised is besides the point, as there is no requisite word-count in the procedural default doctrine; in any event, the Sixth Amendment was repeatedly, not briefly, raised.  In his opening brief, Mr. Baca repeatedly (at least nine times) cited *United States v. Wecht*, 537 F.3d 222 (3d Cir. 2008), one of the cases applying the Supreme Court's public trial precedent to the anonymous jury inquiry. The opening brief also cited *Presley* and *Waller v. Georgia*, 467 U.S. 39 (1984), two landmark Sixth Amendment public trial cases, and the Ninth Circuit's public trial opinion in *United States v. Withers*, 638 F.3d 1055, 1063 (9th Cir. 2011) in arguing that the error automatically required reversal because violations implicating the right to a public trial under the Sixth Amendment are structural.  In his reply brief, he argued:  "The government attempts to limit *Wecht* as purely a First Amendment case and claims Mr. Baca has no such right, but First Amendment and Sixth Amendment protections are coextensive in this context."  And, he cited *Presley*, 558 U.S. at 212-13, as confirming a defendant's "public trial right during jury voir dire," in support of this argument.  He then again argued that the error was structural under Sixth Amendment public trial precedent.  To the extent any argument was brief, which it wasn't, it was largely because the government failed to respond at all to Mr. Baca's contention that it was at least error to fail to disclose the names of the jurors to the attorneys.  Given the government's lack of a counter-argument in its appellate brief, there wasn't much else to say: that is, there was at least undisputed error by failing to disclose the jurors names to the attorneys (which was the *lead* argument on the merits in Mr. Baca's reply brief on this issue), and the error was structural under the Supreme Court's Sixth Amendment public trial cases.

Third, the government contends that Mr. Baca's claim fails on the merits, but its argument is difficult to discern.  As stated, the government's opposition (yet again) fails to offer any specific justification for why the jurors' names were withheld from the attorneys and only generally argues that this Court found "unusual" factors warranted an anonymous

jury and that Mr. Baca did not challenge that finding on appeal.  The latter point is perplexing, as Mr. Baca devoted several pages of his appellate brief challenging the anonymous jury order.  With respect to the fact that this Court determined that an anonymous jury was warranted, the entire problem is that the order did not address or consider why the names of the jurors needed to be withheld from the attorneys, which *is* the constitutional violation under *Presley*.  The government attempts to draw a distinction between an "anonymous" jury (where the names are completely withheld) and a supposed "confidential" jury (where the names are at least given to the parties), a distinction that neither the Ninth Circuit nor the Supreme Court have recognized.  *See United States v. Barragan*, 871 F.3d 689, 712-13 (9th Cir. 2017).  In any event, the government's argument is counter-intuitive, as it seems to argue that a *less* rigorous standard is needed to satisfy an anonymous jury, where there is a *greater* amount of secrecy.  That makes no sense and ignores *Presley*, 558 U.S. at 213, which stated that the public trial guarantee is created for the benefit of the *defendant*.  The government's argument also ignores *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 512 (1984), which made it clear that defense counsel must not be shielded from any in camera parts of jury selection.  Thus, when the names of the jurors are withheld from the defendant's attorneys, the public trial standard applies. The government also does not dispute that, if Mr. Baca's Sixth Amendment claim is valid, then there was a *structural* error that requires his convictions to be vacated.

In sum, there are extraordinary circumstances and Mr. Baca has a strong § 2255 claim.  The government's opposition does not undermine the strength of his claim, and he will address the government's arguments in more detail in his forthcoming reply brief.

## CONCLUSION

For the foregoing reasons, the Court should grant bail.

Respectfully submitted,

*s/Benjamin L. Coleman*

Dated:  March 26, 2020

BENJAMIN L. COLEMAN
COLEMAN & BALOGH LLP
*Attorneys for Leroy Baca*

4

**<u>PROOF OF SERVICE</u>**

I hereby certify that, on March 26, 2020, I electronically filed the attached Ex Parte Application for Bail with the Clerk of the Court by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 26, 2020, at San Diego, California.


*s/Benjamin L. Coleman*
BENJAMIN L. COLEMAN

5