BENJAMIN L. COLEMAN
California State Bar No. 187609
COLEMAN & BALOGH LLP
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone No. (619) 794-0420
Facsimile No. (619) 652-9964
blc@colemanbalogh.com

Attorneys for Defendant Leroy Baca

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 16CR00066-PA |
|---|---|---|
| Plaintiff, | ) | Case No. 20CV01167-PA |
| v. | ) | REPLY TO GOVERNMENT'S OPPOSITION TO SECTION 2255 MOTION |
| LEROY BACA, | ) | |
| Defendant. | ) | |

Defendant Leroy Baca, by and through his counsel of record, hereby files this Reply to the Government's Opposition to his Section 2255 Motion.

Respectfully submitted,

*s/Benjamin L. Coleman*

Dated: March 30, 2020

BENJAMIN L. COLEMAN
COLEMAN & BALOGH LLP
*Attorneys for Leroy Baca*

# TABLE OF CONTENTS

Table of authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      A.  Procedural default.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
      B.  The merits. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Proof of service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

## CASES

*Dickerson v. United States*,
　530 U.S. 428 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Guzman v. Scully*,
　80 F.3d 772 (2d Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Presley v. Georgia*,
　558 U.S. 209 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2,3,4,7

*Press-Enterprise Co. v. Superior Court*,
　464 U.S. 501 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3,7

*Robinson v. Schriro*,
　595 F.3d 1086 (9th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Sweeney v. Carter*,
　361 F.3d 327 (7th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Annigoni*,
　96 F.3d 1132 (9th Cir. 1996) (*en banc*). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,9

*United States v. Barragan*,
　871 F.3d 689 (9th Cir. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,7

*United States v. Blagojevich*,
　612 F.3d 558 (7th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3,8

*United States v. Gupta*,
　699 F.3d 682 (2d Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Kama*,
　394 F.3d 1236 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Perez-Silvan*,
　861 F.3d 935 (9th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Reyes*,
　660 F.3d 454 (9th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Rivera*,
　682 F.3d 1223 (9th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,8

*United States v. Sainz*,
　933 F.3d 1080 (9th Cir. 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*United States v. Sanchez*,
　74 F.3d 562 (5th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Swisher*,
　811 F.3d 299 (9th Cir. 2016) (*en banc*). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*United States v. Wecht*,
    537 F.3d 222 (3d Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3,4
*United States v. Withers*,
    638 F.3d 1055 (9th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
*Waller v. Georgia*,
    467 U.S. 39 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**STATUTES**

28 U.S.C. § 2255. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

# INTRODUCTION

Defendant/Movant Leroy Baca respectfully submits this reply to the Government's Opposition ("Opp.") to his 28 U.S.C. § 2255 motion. The government's opposition focuses on procedural default, but its arguments ignore *Presley v. Georgia*, 558 U.S. 209 (2010) and procedural default precedent. The government's position on default also ignores the arguments made and the public trial cases cited by Mr. Baca in the Ninth Circuit and its own prior failure to respond to his contention that the jurors' names should have been disclosed to the attorneys. By failing to respond in the Ninth Circuit, the government essentially waived its current default argument and also conceded the issue, thereby limiting what Mr. Baca needed to say in reply. The government's current response on the merits is similarly lacking, as it again appears to concede that disclosing the jurors' names to the attorneys under a protective order was clearly a viable alternative, and it has not persuasively responded to the cases establishing that the failure to consider and utilize this alternative requires Mr. Baca's convictions to be automatically vacated.

# ARGUMENT

## A. Procedural default

The government concedes that the Ninth Circuit did not address Mr. Baca's contention that it was error to withhold the jurors' names from the attorneys. Thus, the government does not argue that Mr. Baca's claim is procedurally foreclosed because it was already resolved by the Ninth Circuit, thereby waiving any such argument. *See, e.g.*, *United States v. Swisher*, 811 F.3d 299, 307 (9th Cir. 2016) (*en banc*). Instead, the government argues that the claim was not adequately raised at trial or before the Ninth Circuit and therefore has been defaulted. The government is mistaken.

With respect to default at the trial proceedings, the government's argument stalls at the start line because the government failed to argue in the Ninth Circuit that Mr. Baca had forfeited his contention regarding limited disclose to counsel, thereby waiving the default argument. *See, e.g.*, *United States v. Sainz*, 933 F.3d 1080, 1083-85 (9th Cir. 2019). Even if the government could get past its own waiver, its default argument

nevertheless fails on the merits. The government initially states that defense counsel merely expressed concern with the use of an anonymous jury but later recognizes that he *objected* to an anonymous jury. Opp. 3; *see also* Docket Entry 180 (opposing government's request for anonymous jury). The objection preserved the claim, as once defense counsel objected, the burden was on the government (as the party requesting the procedure) and the Court to consider and explain why other alternatives, such as limited disclosure to counsel, were not viable. *See Presley*, 558 U.S. at 214 ("trial courts are required to consider alternatives . . . even when they are not offered by the parties"); *United States v. Blagojevich*, 612 F.3d 558, 565 (7th Cir. 2010) (judge utilizing anonymous jury "must consider alternatives to secrecy, whether or not the lawyers propose some"). Indeed, in *Presley*, 558 U.S. at 210, the claim was preserved where defense counsel simply objected and requested "some accommodation" to the exclusion of a spectator during voir dire but offered no specific proposal and stated nothing further when the court responded that the spectator could return after the jury was selected. The Ninth Circuit's precedent is the same, clearly establishing that there was no default in the district court. *See United States v. Rivera*, 682 F.3d 1223, 1232-35 (9th Cir. 2012) (rejecting argument that defendant had forfeited and waived Sixth Amendment public trial claim where defense counsel did not even specifically object in district court).[1]

There was also no default in the Ninth Circuit. In his opening brief, Mr. Baca spent several pages arguing that there was no justification at all for an anonymous jury and heavily relied on *United States v. Wecht*, 537 F.3d 222 (3d Cir. 2008), one of the cases applying the Supreme Court's public trial precedent, including *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984), to the anonymous jury inquiry. *See Wecht*, 537 F.3d

---

[1] It is not even clear that defense counsel can forfeit a defendant's public trial right in a federal case. *See Rivera*, 682 F.3d at 1234 n.9. Furthermore, the anonymous jury findings were entered without notice *after* the second trial, and therefore trial counsel could not contemporaneously dispute them. *See United States v. Gupta*, 699 F.3d 682, 687 (2d Cir. 2012) (reversing for public trial error during voir dire and explaining that findings cannot be issued after-the-fact). In any event, there was no default under *Rivera* and *Presley*.

at 235-36 (relying on *Press-Enterprise* in explaining that "the traditional public nature of *voir dire* strongly suggests that jurors' identities were public as well" at the time of the Founding). He then alternatively argued that "the district court at least erred by failing to disclose the identities of the jurors to counsel, hampering the ability to select a jury." Ex. B; Op. Br. at 42. He contended that jurors sometimes provide inaccurate information during voir dire, *see Blagojevich*, 612 F.3d at 561 (investigation revealed that some jurors had lied when providing information in high-profile trial), and that "[d]isclosing the jurors' identities to counsel could not have resulted in juror intimidation." Ex. B; Op. Br. at 43.

After making his arguments that there was error, Mr. Baca then set forth his arguments on the appropriate remedy. He argued that "an anonymous jury implicates both the First Amendment right to public access and a *defendant's* Fifth and *Sixth Amendment* rights" and that, under the Supreme Court's public trial cases, the error was structural and automatically required reversal, citing *Presley* and *Waller v. Georgia*, 467 U.S. 39 (1984), two landmark public trial cases. Ex. B; Op. Br. at 43 (emphasis added). Mr. Baca also cited the Ninth Circuit's Sixth Amendment public trial opinion in *United States v. Withers*, 638 F.3d 1055, 1063 (9th Cir. 2011). Ex. B; Op. Br. at 43. Thus, Mr. Baca argued that this Court had erred by empaneling an anonymous jury and, at the very least, by shielding the jurors' names from the attorneys, and the error infringed his Sixth Amendment rights and automatically required reversal under Supreme Court and Ninth Circuit public trial precedent.

In its answering brief, the government did not respond to Mr. Baca's alternative argument that the names of the jurors should have at least been disclosed to the attorneys. Ex. B. As a result, after discussing the standard of review, Mr. Baca's *lead* argument on this issue in his reply brief was: "On the merits, the government fails to offer a developed response to Mr. Baca's contention that the district court should have at least disclosed the jurors' identities to the attorneys so they could perform jury selection. *See United States v. Barragan*, 871 F.3d 689, 712 (9th Cir. 2017) (using anonymous jury in

Mexican Mafia case but disclosing the jurors' identities to the attorneys 'in advance to do background checks, without divulging the names to their clients'). For this reason alone, there was error, as there could be no possible fear of juror intimidation by the attorneys." Ex. B; Rep. Br. at 17-18 (footnote omitted).

Later in his reply brief, before discussing the appropriate remedy, Mr. Baca responded to the government's argument regarding the public trial analysis in *Wecht* by stating: ""The government attempts to limit *Wecht* as purely a First Amendment case and claims Mr. Baca has no such right, but First Amendment and Sixth Amendment protections are coextensive in this context. *See Presley v. Georgia*, 558 U.S. 209, 212-13 (2010) (public trial right during jury voir dire)." Ex. B; Rep. Br. at 23. He then argued that the government failed to offer a developed response to his contention that the appropriate remedy was to reverse for structural error under public trial precedent. *Id.* In short, Mr. Baca argued that this Court had erred by failing to disclose the jurors' names to counsel and that the First Amendment public trial analysis in *Wecht* applied equally to his Sixth Amendment public trial right; consequently, reversal was required under Supreme Court precedent stating that public trial errors are structural.

Given the extent of Mr. Baca's arguments on direct appeal, including citations to much of the same Sixth Amendment precedent that he has cited in his § 2255 motion, it should come as no surprise that the government's default argument is flawed. The three Ninth Circuit cases cited by the government are not even procedural default cases and are far off the mark. *See* Opp. at 7. In *United States v. Perez-Silvan*, 861 F.3d 935, 938 (9th Cir. 2017), the defendant filed an untimely notice of appeal and then "failed to prosecute the appeal" and did not raise or even list the waived issue in an opening brief on appeal. In *United States v. Reyes*, 660 F.3d 454, 463 (9th Cir. 2011), the defendant claimed that the introduction of evidence constituted prosecutorial misconduct but did not explain how, and the Ninth Circuit nevertheless addressed the merits of the claim and found that the evidence was properly admitted. In *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005), the district court ruled that it did not have jurisdiction; on appeal, the

appellant only argued the merits of his claim and did not challenge the district court's ruling on jurisdiction, thereby waiving any contention that there was jurisdiction. None of these cases, which are not even in the procedural default context, are remotely similar.

Unlike the government's irrelevant cases, procedural default cases establish that Mr. Baca's § 2255 claim was not defaulted on direct appeal, as he provided the factual basis for his claim (the failure to disclose the jurors' names to the attorneys) and cited most of the very same cases that he is now relying on (*Presley*, *Waller*, *Withers*, *Barragan*, *Wecht*). *See Robinson v. Schriro*, 595 F.3d 1086, 1101-02 (9th Cir. 2010) (rejecting argument that petitioner had defaulted his claim). While Mr. Baca's § 2255 arguments are essentially identical to his direct appeal arguments, "a mere variation in legal theory" does not trigger a procedural default, and a petitioner is permitted to "reformulate" his claim. *Sweeney v. Carter*, 361 F.3d 327, 333 (7th Cir. 2004). Thus, even if there were a variation in Mr. Baca's § 2255 arguments, that would not constitute a default.

Although erroneously asserting default, the government recognizes, as it must, that Mr. Baca *did* argue that this Court erred by failing to release the jurors' names to counsel and *did* rely on Sixth Amendment public trial jurisprudence but contends that he only made the arguments in "passing" or "briefly." Opp. 4-5. While the arguments were not brief or in passing, the government cites no authority requiring a specific number of words to raise an argument; the government also ignores the context of the briefing. The government does not dispute that it failed to respond to Mr. Baca's contention that this Court erred by failing to disclose the jurors' names to counsel and also failed to engage in a developed analysis responding to his contention that the error was structural under Sixth Amendment public trial jurisprudence. Thus, to the extent any such arguments were brief, which they weren't, it was largely because the government failed to respond to Mr. Baca's contentions. Given the lack of a counter-argument in the government's appellate brief, there wasn't much else to say: that is, there was at least undisputed error by failing to disclose the jurors names to the attorneys, and the error was structural under the Supreme Court's Sixth Amendment public trial cases.

As the above discussion demonstrates, the government is incorrect when it states that Mr. Baca did not argue that the use of an anonymous jury violated his Sixth Amendment right. To the contrary, he argued that his Sixth Amendment rights were infringed, and he repeatedly cited to Supreme Court and Ninth Circuit public trial cases. While the government's argument is wrong as a matter of fact and law, it also erroneously conflates a claim of error with the remedy. The error claimed in this § 2255 motion is that this Court erred by failing to disclose the jurors' names to counsel (and even failed to consider the alternative). That claimed error was clearly raised on direct appeal. The Ninth Circuit, however, did not address this contention, as conceded by the government in its current opposition. Thus, this claim is properly before this Court in this § 2255 motion. The issue of remedy (or what is the effect of the error) is a separate question that is not subject to default. In other words, even if there were somehow a default of a Sixth Amendment claim, which there wasn't, the issue of whether disclosure of the juror information to the attorneys was required under non-constitutional authority is properly before this Court, as it was clearly raised on direct appeal and the government concedes that the Ninth Circuit did not decide it. If there was such error, the only remaining question is the remedy, and Mr. Baca has consistently maintained that the error requires his convictions to be automatically vacated both under the Sixth Amendment and non-constitutional authority. *See* Ex. B; Op. Br. at 43 (citing *United States v. Annigoni*, 96 F.3d 1132, 1144-45 (9th Cir. 1996) (*en banc*)). In any event, as explained above, Mr. Baca contended on direct appeal that his Sixth Amendment public trial rights were infringed and relied on the Supreme Court's and the Ninth Circuit's Sixth Amendment public trial jurisprudence. In sum, there was no procedural default.

### B. The merits

The government still fails to offer *any* reason why withholding the jurors' names from the attorneys was necessary or even appropriate. Having been given yet another opportunity to justify the procedure, and having failed to respond again, the government has conceded that disclosing the jurors' names to the attorneys under a

protective order was a viable alternative.  Although not entirely clear, the government seems to argue that the fact that this lesser alternative was not considered does not matter.  The government reaches this conclusion because it does not believe that the public trial standard applies to anonymous juries.  The government appears to be make two arguments in this regard, one less sweeping than the other, but both are significantly flawed.

The government's less sweeping argument appears to be that the public trial standard only applies to so-called "confidential" juries (where the jurors' names are disclosed to the parties but not the public) and not to "anonymous" juries (where the names are withheld from everyone).  Opp. at 11.  The Ninth Circuit does not recognize this distinction.  *See Barragan*, 871 F.3d at 712-13 (characterizing procedure where names only disclosed to counsel as an anonymous jury).  In any event, the government fails to acknowledge the Supreme Court's clear statement that the public trial guarantee is primarily designed to protect the *defendant*:  "[T]here is no legitimate reason, at least in the context of juror selection proceedings, to give one who asserts a First Amendment privilege greater rights to insist on public proceedings than the accused has.  'Our cases have uniformly recognized the public-trial guarantee as one created for the benefit of the defendant.'  There could be no explanation for barring the accused from raising a constitutional right that is unmistakably for his or her benefit." *Presley*, 558 U.S. at 213 (citation omitted).  In other words, the argument that the public trial standard is only reserved for situations where the press and public are shielded from juror information has the analysis entirely backwards.  It is also illogical that the public trial standard would be reserved for a so-called "confidential" jury, where there is less secrecy, but would not apply to so-called "anonymous" juries where the juror information is shielded from everyone, including the parties, thereby entailing greater secrecy.

The government's argument not only runs head-first into *Presley*, but it is also undermined by other cases.  Under *Press-Enterprise*, the public trial right requires that defense counsel be provided with full disclosure during voir dire, even as to the most sensitive juror information.  *See Press-Enterprise*, 464 U.S. at 512 (all in camera parts of

jury selection must be "with counsel present"). The government does not respond and only asserts that privacy concerns may permit juror information to be withheld, Opp. at 9, but omits that *Press-Enterprise* made clear that while such information may sometimes be withheld from the public, it cannot be withheld from *defense counsel*. The government also cites *Blagojevich* for its backwards analysis, but *Blagojevich* logically reasoned that a supposed "confidential" jury "requires *less* justification than does anonymity . . . ." *Blagojevich*, 612 F.3d at 564 (emphasis added). In other words, the controlling case law and logic require that lesser alternatives must be considered before employing the enhanced secrecy involved with shielding juror information from defense counsel.

Perhaps recognizing that its effort to distinguish the Supreme Court's cases and *Blagojevich* is illogical, the government makes the more sweeping argument that the public trial standard is inapplicable because there was not a "complete" closure of the courtroom. Opp. at 10. The government, however, is forced to acknowledge, Opp. at 11, that *Blagojevich* explicitly stated that the public trial standard applies to anonymous juries. *See Blagojevich*, 612 F.3d at 564. As mentioned above, *Press-Enterprise* also makes clear that the public trial right guarantees that juror information will not be shielded from defense counsel, and *Wecht* also applied the public jury right to anonymous juries. To the extent that the government is arguing that an anonymous jury constitutes a "partial" closure rather than a "complete" closure, it does not matter. Even under the "partial" closure doctrine, only the first prong of the *Waller/Presley* standard is altered, and a court must still apply the other three prongs, including consideration of all reasonable lesser alternatives. *See Rivera*, 682 F.3d at 1236; *Guzman v. Scully*, 80 F.3d 772, 775 (2d Cir. 1996). The error here is that the reasonable alternative of disclosing the jurors' names to the attorneys under a protective order was not considered, and the government does not dispute that it was a viable alternative. Thus, there was error even under the "partial" closure standard.

The government concludes that this Court found "exceptional circumstances" or "unusual factors" warranted an anonymous jury, and Mr. Baca did not challenge those

findings on appeal. Opp. at 12. Mr. Baca vigorously challenged this Court's findings on appeal. *See* Ex. B. In any event, "unusual factors" is not the standard. This Court was required to consider lesser alternatives, including disclosing the jurors' names under a protective order to the attorneys. It failed to do so, constituting error. As it did on appeal, the government again fails to offer a developed argument in response to Mr. Baca's claim that this error was *structural*. Accordingly, Mr. Baca's convictions must be vacated.

Finally, even under a non-constitutional inquiry, there was error, and reversal is required and otherwise appropriate. A non-constitutional standard must be at least as strict, if not more strict, than the Sixth Amendment standard. *See Dickerson v. United States*, 530 U.S. 428 (2000). Thus, if there was error under the Sixth Amendment, as explained above, there was certainly error under a non-constitutional inquiry. Furthermore, the non-constitutional error requires automatic reversal, *see Annigoni*, 96 F.3d at 1144-45 (certain non-constitutional errors require automatic reversal because they are not amenable to harmless error analysis), and, in any event, reversal would be appropriate in this close case where there was no reason to shield the juror information from the attorneys. *See United States v. Sanchez*, 74 F.3d 562, 565 (5th Cir. 1996).

## CONCLUSION

For the foregoing reasons, the Court should grant Mr. Baca's § 2255 motion.

Respectfully submitted,

*s/Benjamin L. Coleman*

Dated: March 30, 2020

BENJAMIN L. COLEMAN
COLEMAN & BALOGH LLP
*Attorneys for Leroy Baca*

**PROOF OF SERVICE**

I hereby certify that, on March 30, 2020, I electronically filed the attached Reply with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 30, 2020, at San Diego, California.

*s/Benjamin L. Coleman*
BENJAMIN L. COLEMAN