## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 16-66 PA<br>CV 20-1167 PA | Date | April 5, 2020 |
|---|---|---|---|

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Interpreter | None |
|---|---|

| T. Jackson | Not Reported | Brandon Fox (Not present)<br>Eddie Jauregui (Not present) |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Leroy Baca | Not | X | | Nathan Hochman | Not | | X |
| | | | | Benjamin Coleman | Not | | X |

**Proceedings:**   IN CHAMBERS - ORDER

Before the Court is an Ex Parte Application for Bail Pending Section 2255 Proceedings filed by defendant and petitioner Leroy Baca ("Defendant") (Docket No. 499 in Case No. CR 16-66 PA and Docket No. 8 in Case No. CV 20-1167 PA). Also before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 ("2255 Motion") (Docket No. 492 in Case No. CR 16-66 PA and Docket No. 1 in Case No. CV 20-1167 PA). The Court concludes that a hearing is unnecessary.

## I.      Factual and Procedural Background

During a trial in March 2017, Defendant was convicted on three counts: (1) conspiracy to obstruct justice in violation of 18 U.S.C. §§ 371 & 1503(a); (2) obstruction of justice in violation of 18 U.S.C. § 1503(a); and (3) making false statements in violation of 18 U.S.C. § 1001(a)(2). Those charges arose out of efforts by members of the Los Angeles County Sheriff's Department ("LASD") to obstruct a federal grand jury's investigation into excessive force committed by other LASD deputies at Los Angeles County's jails. Defendant was the elected Sheriff of Los Angeles County at the time of both the abuse conducted by members of his department and of the efforts to obstruct the federal investigation into that abuse.

The Court sentenced Defendant on May 12, 2017, to a below-guidelines sentence of 36 months of incarceration and ordered that he report to the Bureau of Prisons ("BOP") to begin serving his sentence on July 25, 2017. The Ninth Circuit granted Defendant bond pending his unsuccessful appeals to both the Ninth Circuit and the United States Supreme Court. Defendant began serving his sentence on February 4, 2020. Defendant filed his 2255 Motion on February 5, 2020, one day after he began

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

serving his sentence.  In his 2255 Motion, Defendant, who is represented by retained counsel, raises a single ground:  that the Court's utilization of an anonymous jury, without his counsel having access to the names of the jurors, violated his Sixth Amendment right to a public trial.

After serving less than two months of his 36-month sentence, Defendant's Ex Parte Application for Bail seeks his immediate release from the BOP.  In support of his Ex Parte Application for Bail, Defendant contends that his release is warranted in light of the COVID-19 pandemic, because his age and other health issues heighten his risk, and, additionally, that he has a high probability of success on the merits of his 2255 Motion.  Defendant filed his Ex Parte Application after the Government filed its Opposition to the 2255 Motion and just days before Defendant's Reply was due.  Defendant has now filed his Reply in support of his 2255 Motion.  As a result, briefing is now complete on both the 2255 Motion and the Ex Parte Application for Bail, and the Court will resolve both the Ex Parte Application for Bail and the 2255 Motion.

**II.    Analysis**

     **A.    2255 Motion**

"'In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention.'"  Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003) (quoting Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000)).  Under § 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum imposed by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).

Defendant contends in his 2255 Motion that his sentence should be vacated and set aside based on his argument that the Court's decision not to provide the names of the jury pool to his counsel during trial violated his Sixth Amendment right to a public trial.  Although the Government asserts in its Opposition to the 2255 Motion that this argument is procedurally defaulted, Defendant did raise the issue in his Opening Brief filed with the Ninth Circuit:

> Finally, the district court at least erred by failing to disclose the identities of the jurors to counsel, hampering the ability to select a jury. [United States v.] Sanchez, 74 F.3d [562,] 565 [(5th Cir. 1996)].  A "name and address open countless avenues of . . . out-of-court investigation." Smith v. State of Illinois, 390 U.S. 129, 131 (1968).  With the internet, a name can reveal much more than the limited information disclosed during voir dire, which is not always accurate.  See Warger v. Shauers, 135 S. Ct. 521 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Disclosing the jurors' identities to counsel could not have resulted in juror intimidation.

(Appellant's Opening Brief in 9th Circuit Case No. 17-50192, Docket No. 28, at 42-43.)  In its Memorandum rejecting Defendant's appeal, the Ninth Circuit concluded:

Baca also argues that the district court erred in empaneling an anonymous jury.  We review for abuse of discretion, see United States v. Shryock, 342 F.3d 948, 970-71 (9th Cir. 2003), and find none.  The district court's decision to empanel an anonymous jury was reasonable in light of the highly publicized nature of this case, Baca's and his co-conspirator's positions as former high-ranking law enforcement officers, and the nature of the charges at issue.  See id. at 971 (setting forth factors considered in deciding whether to empanel an anonymous jury).  Additionally, the district court minimized any risk of prejudice to Baca by instructing the jury that an anonymous jury was utilized to protect the jurors' privacy and was unrelated to Baca's guilt or innocence.  See id. (Requiring the district court to adopt "reasonable safeguards" to minimize the risk that the defendant's rights are infringed).

(Mem. Disposition at 3-4.)  Although Defendant contends in his 2255 Motion that the Ninth Circuit "failed to address" Defendant's claimed error that the jurors' names were not provided to counsel, the Ninth Circuit's citation to Shyrock belies that assertion.  In Shyrock, as in this case, counsel were not provided the names of the prospective jurors.  See 342 F.3d at 970.  Indeed, by also shielding the names of the employers of the prospective jurors, a step this Court did not take, the jurors in Shyrock were more anonymous than were the jurors in this case.  Nevertheless, the Ninth Circuit, while acknowledging that "the use of an anonymous jury may interfere with defendants' ability to conduct voir dire and to exercise meaningful peremptory challenges, thereby implicating defendants' Sixth Amendment right to an impartial jury" still found that the district court did not abuse its discretion by empaneling an anonymous jury in Shyrock.  See id. at 971 & 973.  The clearly established law in the Ninth Circuit is that, in appropriate circumstances, and with reasonable safeguards, the use of an anonymous jury, including a decision to shield disclosure of names to counsel, is within a court's discretion and does not violate the Sixth Amendment.  The Ninth Circuit, on direct appeal, already rejected the very claim Defendant asserts in his 2255 Motion.

Defendant also raised the issue of his counsel not having access to the names of the jurors in his Petition for Writ of Certiorari filed with the United States Supreme Court:

In petitioner's case . . . the district court decided to use an anonymous jury over his objection.  Thus, petitioner, the attorneys, and the public did not learn the identities of the venire or the jurors deciding the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

(Pet. for Writ of Certiorari, at 9; see also id. at 30 ("Most obviously, the courts did not consider whether disclosure of the jurors' names at least to the attorneys during the trial and then to the public after the trial would have satisfied whatever overriding interests the district court thought were implicated.").) The Supreme Court denied Defendant's Petition.

In its Opposition to the 2255 Motion, the Government also argues that Defendant failed to preserve his claim because, although he more generally objected to the use of an anonymous jury during the trial proceedings, he did not, in this Court, request that his counsel be provided the names of the jurors. Additionally, the Government contends that because each potential juror was the subject of extensive voir dire, and the jury selected in his first trial using the same procedure voted 11-1 for acquittal, Defendant cannot show the he was prejudiced by the use of an anonymous jury in which his counsel was not provided with the jurors' names. The Court agrees that Defendant failed to preserve the issue in this Court and cannot establish the requisite prejudice.

Fundamentally, Defendant essentially argues that neither the Ninth Circuit nor the Supreme Court understood the anonymous jury procedure the Court employed when those courts refused to overturn his conviction. This Court has no reason to believe that either the Ninth Circuit nor the Supreme Court "missed" the issue. Indeed, the Ninth Circuit's citation to Shyrock establishes that the Ninth Circuit has already considered and rejected the one argument Defendant asserts in his 2255 Motion, and that Defendant's constitutional argument is meritless and contrary to clearly established Ninth Circuit precedent. For these reasons, the Court denies Defendant's 2255 Motion.

### B.    Ex Parte Application for Bail

The Ninth Circuit has "not yet decided whether district courts have the authority to grant bail pending resolution of a habeas petition, and we need not resolve that question today." United States v. McCandless, 841 F.3d 819, 822 (9th Cir. 2016). "If district courts have that authority, we have indicated that it is reserved for 'extraordinary cases involving special circumstances or a high probability of success.'" Id. (quoting Land v. Deeds, 878 F.2d 318, 318 (9th Cir. 1989)).

At least as of 10:00 a.m. on April 5, 2020, according to the most recent update from the BOP (available at bop.gov/coronavirus/index.jsp), there are no COVID-19 cases reported at the facility in which Defendant is incarcerated among either the inmates or staff. BOP has instituted substantial and aggressive procedures to limit the risk of exposure, including screening inmates and staff, quarantining new inmates coming into the facility, practicing safe distancing, suspending all social visits, limiting legal visits, isolating any inmate displaying symptoms, and limiting inmate movements. While the Court recognizes the unprecedented nature of the COVID-19 pandemic, and Defendant's heightened risk, that is a risk Defendant faces whether he remains in custody or is released on bail. Indeed, at least based on the infection rate in Los Angeles County, and the risks related to travel from his BOP facility to his home, it is unlikely that Defendant would be at substantially less risk of infection if Defendant were released on bail. Sadly, there is no safe location. As the Centers for Disease Control and

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Prevention warns:  "In the coming months, most of the U.S. population will be exposed to this virus." CDC, Coronavirus Disease 2019 (COVID-19):  Situation Summary, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/summary.html (last updated March 26, 2020).  The Court therefore concludes that Defendant has failed to satisfy his burden to justify his release on bail pending resolution of his 2255 Motion based on his risk of contracting COVID-19 while incarcerated.

For the reasons the Court has already explained in denying Defendant's 2255 Motion, the Court additionally finds that Defendant has not satisfied his burden to establish a high probability of success on the merits of his 2255 Motion.  The Court therefore concludes that Defendant has not satisfied his burden to demonstrate that this is an "extraordinary case[] involving special circumstances or a high probability of success."  Land, 878 F.2d at 318.  For all of the foregoing reasons, the Court denies Defendant's Ex Parte Application for Bail Pending Section 2255 Proceedings.

### **Conclusion**

For the foregoing reasons, the Court denies Defendant's 2255 Motion.  If Petitioner gives timely notice of an appeal from this Order, such notice shall be treated as an application for a certificate of appealability, which will not issue because Defendant has failed to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 F.3d 322 (9th Cir. 2003); Williams v. Woodford, 384 F.3d 567 (9th Cir. 2004).  The Court additionally denies Defendant's Ex Parte Application for Bail Pending Section 2255 Proceedings.

IT IS SO ORDERED.